Merritt v. Putnam et al.

SAMUEL F. MERRITT, Respondent, vs. H. T. PUTNAM, et al., Appellants.

APPEAL FROM THE DISTRICT COURT OF WASHINGTON COUNTY.

A motion to open a judgment and for leave to serve an amended answer on the ground that the judgment was taken against the Defendant by mistake, inadvertance, surprise or excusable neglect, under section 94 on page 544 of the Compiled Statutes, is addressed to the discretion of the Court, and an order made therein either granting or denying the relief sought, is not appealable, except in cases of a palpable abuse of the discretion possessed by the Court.

GOLD T. CURTIS, Counsel for Appellants.

SANFORD & BEVERIDGE, Counsel for Respondent.

*By the Court*—FLANDRAU, J.—This is an appeal from an order denying the Defendant Putnam leave to serve an amended answer and have a judgment opened which had been taken against him, as he alleges, by his inadvertance, surprise and excusable neglect. It would be enough to refer the party bringing this appeal to the case of *Myrick vs. Pierce*, 5 *Minn. R.*, 65, where we held that motions of this character are addressed to the discretion of the Court. The Defendant asks a favor, not a right; the Judge grants or refuses the application as under all the circumstances he may think will best subserve the ends of justice, and at the same time not encourage disorderly and improper practices in the administration of the law. This discretion is of course a legal and not an arbitrary one, but will not be interfered with in its exercise except in cases of palpable abuse. We see no abuse in this case. The Defendant was apprised of the suit, appeared in it, answered the complaint, and offers no excuse for not appearing at the trial except that his attorneys did not inform him that it had been noticed. When a party employs an attorney he is responsible for his acts in the conduct of the

suit, except perhaps in cases of fraud practiced upon him. The opposite party is, immediately on receiving a notice of retainer, compelled to communicate with the attorney alone concerning the suit, and may rely on his movements as a guide for his own without regard to the party at all. Where a plaintiff who is regular in every respect obtains a judgment by the default of the attorney for the Defendant, it will not be disturbed unless upon th e most cogent reasons. This motion was decided correctly upon the merits.

The appeal is dismissed.

NOTE.—This case was noticed for argument at the December term of 1861. The Respondent obtained an order for an amended return to be filed on or before the first day of the July term, 1862. No amended return was ever filed, nor was any application made to compel obedience to the order. We suppose the Respondent has waived it, and therefore decide the case.