WHEELER & WILSON MANUFACTURING COMPANY, Respondent, vs. MONAHAN, imp., Appellant.

*April 8 — April 28, 1885.*

*Vacating judgment — Excusable neglect — Discretion.*

The vacation of a judgment under sec. 2832, R. S., on the ground of inadvertence, surprise, or excusable neglect, is a matter resting in the sound discretion of the trial court, and its decision will not be disturbed unless there has been a manifest abuse of discretion. The facts in this case (stated in the opinion) are *held* not to show any abuse of discretion in a refusal to vacate the judgment.

APPEAL from the Circuit Court for *Kewaunee* County. The case is stated in the opinion.

For the appellant there was a brief by *Timlin & Manseau,* and oral argument by *Mr. Timlin.*

For the respondent the cause was submitted on the brief of *Charles W. Felker,* of counsel.

Wheeler & Wilson Manuf'g Co. vs. Monahan, imp.

Cole, C. J.   This is an appeal from an order refusing to set aside a judgment.   The learned counsel for the appellant states that the motion to vacate the judgment was not based upon the ground that there was error or irregularity in entering the same.   But the motion is made under sec. 2832, R. S., which has often been under consideration, and which authorizes the court, in its discretion, and upon such terms as may be just, at any time within a year after notice thereof, to relieve a party from a judgment against him, through his inadvertence, surprise, or excusable neglect. The counsel claims that the moving papers presented a case for relief under this section.   The motion was made and decided within the year from the entry of the judgment; consequently it was within the power of the court to grant the motion, if the facts had presented a case for its favorable action.   It will be noticed that affording redress under this section is a matter left largely to the discretion of the court or judge to whom the application is made.   And it is doubtless true, as claimed by counsel, that this means, not the exercise of an arbitrary and uncontrolled discretion, but the exercise of a sound legal discretion, guided by those rules and principles which courts have found will, in the great majority of cases, best promote the ends of justice. Therefore, while it is left for the trial court to determine whether the case presented calls for its favorable action, still this court has exercised the power of reviewing the orders which were made under the section.   But its uniform language has been, as announced many times, that it would not interfere with the decision of the trial court unless there had been a manifest abuse of its discretion in refusing or granting relief.

Observing this rule, we will consider the motion on the merits.   At the outset, we will say it will be tedious to give a full history of the litigation between these parties up to the time application was made to set aside the judgment,

or to state the acts and omissions which are relied on to show excusable neglect on the part of the appellant. We will only allude to a few leading facts which seem to justify the order of the circuit court. The appellant was served with process in this action, appeared by attorney, but made default. Judgment was entered by the clerk in vacation, on the 31st of October, 1883, of which he had notice in the following December. The action was upon four promissory notes given by appellant's son pursuant to a contract with the plaintiff, the faithful performance of which by his son the appellant had guaranteed. Execution was issued upon this judgment, which was returned unsatisfied, and a creditors' suit was commenced, in which summons was served upon the appellant on the 22d of November, 1883. Soon after, another action at law was commenced, to recover the amount due on other notes given by the appellant's son. The firm of Timlin & Manseau were retained by the appellant to attend to both these suits early in December. It is proper to observe that the appellant is a cripple, cannot travel without great difficulty, and lives about twenty-five miles from the residence of his attorneys. The roads in that part of the country were rough and often blocked with snow in the winter of 1883–84. At the regular term of court, in May, 1884, the creditors' suit and the second suit on the notes were tried. The creditors' suit was decided against the appellant in July, 1884. While there had been one regular and three or four special terms of court held at which a motion could have been made to set aside the judgment entered October 31, 1883, yet no motion was made for that purpose. In August, 1884, a suit was commenced in the United States circuit court to recover a balance alleged to be due on the contract which the appellant had guaranteed. To that action the judgment now sought to be set aside was pleaded as a defense. These are the principal matters which were brought to the attention of the court

on the motion. There are some other matters set forth in the affidavits to excuse the delay and negligence of the moving party. He states that he has a good and complete defense to the action on the notes, because they were not given under the contract which he guaranteed.

From the facts above stated, which are undisputed, it will be seen that the appellant was represented by able counsel at the regular May term in his litigation with the plaintiff. They were abundantly qualified to protect his rights, and to present to the court any defense he might have to the action on the notes. Had his application then been made to set aside the judgment, possibly it would have prevailed, and if so it would have saved the trial of the creditors' suit. But in consequence of delay in making such application the plaintiff was not only put to the expense of trying that action, but incurred the further costs and expense of commencing a suit in the United States court. These considerations doubtless had their weight with the circuit court, as it was proper they should have when deciding the motion. And when granting the relief asked would so prejudice the adverse party, the court might well hold that the appellant's negligence in moving had not been excused. True, the court ordered that the motion to open the judgment and for leave to answer be denied, upon condition that the plaintiff remit from the judgment the sum of $30, being the amount due on a note giving for sleighs, and interest thereon. This note was not given under the contract on which the appellant was responsible as guarantor. But, in view of all the facts and circumstances, we are unable to say the court below abused its discretion in refusing to set aside the entire judgment. The order of the circuit court must therefore be affirmed.

*By the Court.*— Order affirmed.