## EVANS v. FALL RIVER COUNTY.

A motion to vacate or set aside a judgment under the provisions of Section 4939, Comp. Laws, is addressed to the sound legal discretion of the trial court on the particular facts of the case, and its action in the matter, whether of allowance or refusal, will not generally be disturbed by the appellate court, unless there is a manifest abuse of such discretion.

(Syllabus by the Court.    Opinion filed July 26, 1893.)

Appeal from circuit county, Fall River county.    Hon. WILLIAM GARDNER, Judge.

Action by Fred T. Evans against the county of Fall River to recover on a county warrant.    There being no answer, judgment was entered by default.    From an order denying a motion to set aside the judgment, and for leave to answer, defendant appeals.    Affirmed.

*S. E. Wilson, State's Attorney, Wood & Buell, W. G. Rice,* and *J. H. Boomer,* for appellant.

Judgment by default where defendant has not been properly served or notified, should be set aside on motion and defendant allowed to answer.   Comp. Laws, §§ 428, 4870, 4939; Clark v. Lyon, 37 Ia. 466; Griswold v. Lee, 1 S. D. 531.

*Martin & Mason,* for respondent.

In an action against a county the summons must be served on one of the county commissioners.   Comp. Laws, §§ 591, 4898; Babcock v. Goodrich, 47 Cal. 488.   A motion to set aside a judgment should be made with diligence.   Gerish v. Johnson, 5 Minn. 23; W. & W. Mf'g Co. v. Monahan. 23 N. W. 109.

A judgment will not be vacated on motion of a stranger to the cause.   Freeman on Judg. § 108; 1 Block Judg. § 347; Mulhallan v. Scoggin, 8 Neb. 202; Parrot v. Den, 34 Cal. 79.   A verified answer is not an affidavit of merits.   Jones v. Russell, 3 How. Pr. 324; Mawrg v. Hill, 11 Wis. 146; Burnham v. Smith, 15 Id. 258; Gauthier v. Rusicka, 53 N. W. 80.   An affidavit of merits should be made by one having knowledge of the facts. People v. Schenker, 52 N. W. 219; Freeman Judg. § 108; Bailey v. Taffee, 29 Cal. 423.   The negligence of the officer or attorney is defendant's negligence.   Hayne New Trial, § 351; 1 Black Judg. § 341; Williams v. Wescott, 42 N. W. 314; People v. Rains, 23 Cal. 128; Smith v. Tunstead, 56. Cal. 175; Phillips v. Callier, 13 S. E. 260.   Where fraud is urged as a ground of setting aside a judgment it must be in the manner of obtaining the judgment, not anterior to it.   Dillerback v. Allenberg, 67 Cal. 296.   A defence must not only be legal but meritorious. 1 Black Judg. § 348. Knarr v. Elgren, 9 Atl. 875.   A municipal corporation must comply with its contract, when the contractor has expended his money and constructed the building and no appeal taken from the action of the commissioners.   2 High Inj. § 1260; Clark v. Dayton, 6 Neb. 192; State v. Railway, 47 Ind. 407; Clark v. Saline, 9 Neb. 516; Wood v. Bangs, 1 Dakota, 179; McGuire v. Rapid City, 43 N. W. 706; National v. Chamberlain, 37 N. W. 761.   An application to set aside a judgment is made to the sound discretion of the court and its order will

not be disturbed except in a clear case of abuse of such discretion.   Comp.  Laws,  § 4939;  Merrit  v.  Putnam, 7 Minn. 493; Jorgensen v. Boehmer, 9 Minn. 181;  Barker v. Keith, 11 Minn. 65;  Reagen v. Madden, 17 Minn. 402;  Coleman  v.  Rankin, 37 Cal. 247;  Watson v. Railroad, 41 Id. 20;  Moore  v.  Kellogg, 58 Cal. 385;  McMurray v. Meek, 49 N. W. 983;  McClellan v. Pomeroy, 75 Pa. Ct. 400;  Seymour v. Supervisors, 40 Wis. 62;  Beards v. Wheeler, 76 N. Y. 213.

CORSON, J.   This is an appeal from an order denying a motion to set aside and vacate a judgment, and that the defendant have leave to serve an answer.   On or about November 20, 1891, the plaintiff commenced an action against the county of Fall River to recover the sum of $5,000, interest and costs, upon a county warrant bearing date November 16, 1891, allowed and issued by the board of county commissioners of said county, and drawn upon the county treasurer, payable out of the court house and jail fund, not otherwise appropriated.   It is alleged in the complaint, in substance, that on August 13, 1891, the board of county commissioners of said county duly awarded to said plaintiff a contract for the erection of a court house and jail for said county, he being the lowest bidder therefor;  that a contract was duly executed between the county and said plaintiff, and that to secure the faithful performance of the same on his part the plaintiff executed a good and sufficient bond in the penal sum of $30,000; that the plaintiff had, at the time said warrant was issued, nearly completed said court house, and that there was due him on account of said contract more than $5,000; that under and by virtue of said contract the board of county commissioners of said county duly issued to him the county warrant for the said sum of $5,000 above mentioned; that said warrant was duly presented to the county treasurer of said county, and payment demanded, but said treasurer refused to pay the same, and that said treasurer had in his hands, when demand for payment was made, belonging

to said court house and jail fund, more than $15,000 not otherwise appropriated; and plaintiff demanded judgment for said sum of $5,000, interest and costs. The summons and complaint were duly served upon one of the county commissioners of said county, and, no answer or demurrer having been served within the time required by law, judgment was duly rendered for the amount demanded on the 29th day of December, 1891. On or about March 12, 1892, the defendant, by the state's attorney for that county, and associate counsel, served notice upon the plaintiff that on March 23d, it would move the court to vacate and set aside said judgment, and all proceedings had therein, and for leave to serve an answer. This motion was denied on April 9th, and from the order denying the said motion this appeal is taken.

The motion was made upon the affidavits of S. E. Wilson, Esq., then state's attorney for said county, and James Bradley, county treasurer of said county, and a copy of the proposed answer. The part of Section 4939, Comp. Laws, under which this application was made, reads as follows: "The court * * * may also, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect." This court in Oil Co. v. Lee, 47 N. W. Rep. 955, commenting upon this section, said: "When, therefore, a party makes a showing of such mistake, inadvertence, surprise, or excusable neglect, applies promptly for relief after he has notice of the judgment, and shows *prima facie* he has a defense, a court should not hesitate to set aside the judgment, and allow him to serve an answer, upon such terms as may be just under all the circumstances of the case." But the granting or denying an application under this statute is, as will be noticed, left to the discretion of the trial court, and the exercise of that discretion will not be disturbed by the appellate court unless it is satisfied there has been a manifest abuse of such discretion.

Of course, the discretion to be exercised by the trial court is a sound judicial discretion. The same doctrine prevails in the courts of most of the states. The rule is thus stated by Mr. Black in his work on Judgments: "A motion to vacate or set aside a judgment is addressed to the sound legal discretion of the trial court on the particular facts of the case, and its action in the matter, whether of allowance or refusal, will not generally be disturbed by the appellate court, unless there has been a manifest abuse of such discretion." 2 Black Judgm. § 354; Haynes New Trials and App. § 347; Merritt v. Putnam, 7 Minn. 493, (Gil. 399;) Jorgensen v. Boehmer, 9 Minn. 181, (Gil. 166;) Barker v. Keith, 11 Minn. 65, (Gil. 37;) Reagan v. Madden, 17 Minn. 402, (Gil. 378;) Bailey v. Taaffe, 29 Cal. 423; Coleman v. Rankin, 37 Cal. 247; Watson v. Railroad Co., 41 Cal. 20; Moore v. Kellogg, 58 Cal. 385; McMurran v. Meek, (Minn.) 49 N. W. Rep. 983; Mulhollan v. Scoggin, 8 Neb. 202; McClelland v. Pomeroy, 75 Pa. St. 40; Seymour v. Supervisors, 40 Wis. 62; Wheeler & W. Mf'g Co. v. Monahan, 63 Wis. 194, 23 N. W. Rep. 109. In this case the affidavits failed to show such mistake, inadvertence, surprise, or excusable neglect on the part of the county as required the court, in the exercise of a sound judicial discretion, to grant the motion. As before stated, the summons and complaint were served, as required by law, upon one of the county commissioners. Neither of the commissioners have made any affidavit in the case. They are all silent, so far as the record discloses, and, we may assume, are satisfied with the judgment. The state's attorney, in his affidavit, fails to show any mistake, inadvertence, surprise, or excusable neglect. He states that the commissioners did not notify him that the suit had been commenced, but he does not state that he did not know from other sources that such a suit was pending, or that, if he had been notified, he would have defended the action, or that the county, in his opinion, had any defense to the action. And the fact that it appears the county warrant upon which the suit was

brought was allowed and issued by the board of county commissioners only a few days prior to the commencement of the action, and that no showing was made that any new facts in relation to the validity of the claims had been discovered after it was issued, raises a strong presumption that the county, through its proper officers, was satisfied to allow judgment to be taken without answer.    The affidavit of the county treasurer equally fails to show the existence of any of the causes calling into exercise the discretion of the court.    This court is unable to say, therefore, that the learned court below abused its discretion, or that it did not properly deny the motion upon the facts before it. · Finding no error in the record, the order of the circuit court is affirmed.    All the judges concurring. ·