## MINNEHAHA NATIONAL BANK v. HURLEY.

Where on dismissal of plaintiff's action on a note, defendant discharged his attorney, removed from the county, and paid no attention to the action, though advised that a new trial had been granted, and plaintiff again placed the cause on the trial calendar, without notice of such attorney's discharge, and recovered judgment thereon, and defendant's answer in the former action alleged that the note had been given to plaintiff's indorser for beer alleged to have been illegally sold, of which plaintiff had notice, while the undisputed evidence showed that the note had been given for beer purchased from one other than such indorser, defendant was not entitled to have the judgment vacated, though he believed that the action could not be again tried without notice to him, since, by reason of the variance between his answer and the proof, he

showed no defense to the action, and had been guilty of negligence, to which his misunderstanding had not contributed.

(Opinion filed March 2, 1900.)

Appeal from circuit court, Lake county. HON. JOSEPH W. JONES, Judge.

Action by the Minnehaha National Bank against J. W. Hurley, upon a promissory note. From an order denying a motion to vacate a judgment in favor of plaintiff, defendent appeals. Affirmed.

*George R. Farmer* and *Aikens & Judge,* for appellant.

*A. B. Kittredge,* for respondent.

FULLER, P. J.   This is an appeal from an order overruling a motion to vacate a judgment entered upon a retrial which took place on the 28th day of February, 1899, in an action to recover the amount of a promissory note executed by appellant to Moriz Levinger, and before maturity transferred by indorsement to respondent bank.   As a complete defense it is alleged in the answer that the only consideration for the note was malt beer purchased by appellant from Levinger to be sold as a beverage in violation of law, and at the time of the purchase of said note respondent well knew that the same was without consideration other than such intoxicating liquor. to be sold in this state in violation of the constitution and laws thereof.   Although it appears from the undisputed evidence introduced at the former trial that the beer was manufactured by and purchased from the Sioux Falls Brewing Company, with which Levinger was not shown to be in any way connected, the court on the 23d day of January, 1898, rendered judgment dismissing respondent's complaint upon its merits, with costs in favor of ap-

pellant.    Thereafter respondent made application for and ob-
tained a new trial in circuit court, and at the September, A. D.
1898, term the case was again placed on the trial calendar.
Appellant's attorney, F. L. Soper, who had conducted the case
from the beginning, resisted the motion for a new trial; and,
while he testifies that appellant knew the same had been
granted, he was not advised that the case had been set for trial.
We think from the evidence that the trial court was justified in
finding that appellant and his attorney, Mr. Soper, formally
severed their relations as attorney and client in December,
1898; and it is conceded that no other attorney had been sub-
stituted prior to the February term, 1899, when the judgment
now sought to be vacated was entered.    Although appellant
knew that a new trial had been granted, he failed to retain
other counsel, removed from the county, and appears to have
paid no further attention to the action.    Consequently, when
the case was called for trial he was not present.    Mr. Soper
declined to proceed with the defense, and the case was tried to
the court, resulting in the judgment which the court declined
to set aside.

According to the affidavit of appellant upon which the
motion to set aside the judgment is based, F. L. Soper. Esq.,
was his attorney employed, on a salary, to look after all mat-
ters requiring attention, until February, 1898, when a settle-
ment was had between them, and Mr. Soper was discharged.
He further states "that some time in the summer of 1898 said
Soper advised him that a motion for a new trial had been made
and argued, but that said Soper never at any time since then
gave him any information regarding this case, and he supposed
that the motion had been either taken under advisement or

been denied." Whether appellant discharged his attorney, as he states, in February, 1898, or not until December of that year, as shown by the affidavit of Mr. Soper, who further testified that he notified appellant that a new trial had been granted, it is very evident that respondent was never advised that Mr. Soper had been discharged, nor was any substitution ever made, and appellant was manifestly negligent in the matter. Having been informed by Mr. Soper that a new trial had been granted, and having according to his own testimony, discharged his attorney in the case long prior thereto, it was his duty to procure counsel; and the fact of his being advised that the case could not be again placed on the trial calendar until a new notice of trial and note of issue had been served and filed could, under the circumstances disclosed by the record in no manner tend to mislead him. In the case of Evans v. Fall River Co., 4 S. D., 119, 55 N. W. 862, we say: "A motion to vacate or set aside a judgment under the provisions of Section 4939, Comp. Laws, is addressed to the sound legal discretion of the trial court on the particular facts of the case, and its action in the matter, whether of allowance or refusal, will not generally be disturbed by the appellate court unless there is a manifest abuse of such discretion."

As previously noticed, it is alleged in the answer that Moriz Levinger, to whom the note was executed and delivered by appellant, was engaged in the business of selling malt beer, and that he purchased of such payee named in the note a quantity of such beer, which constituted the only consideration therefor; while the undisputed testimony of appellant shows that the note was given in settlement for malt beer purchased from and manufactured by the Sioux Falls Brewing Company.

The averment of the answer is that the note is void because the consideration therefor was intoxicating liquor sold by Moriz Levinger in violation of law, and, when a specific sale made by a particular person is relied on, proof that the sale was made by a different person is a fatal variance, and constitutes no defense to such an action. In the case of Hurlbut v. Bagley (Iowa) 68 N. W. 585, the court, in a headnote fully sustained by the opinion, say: "In an action on notes given for goods sold, defendants alleged that the notes were invalid because the consideration was, in whole or in part, intoxicating liquors sold by plaintiff in violation of law. The evidence failed to show any such sales by plaintiff, but showed such sales by W. to plaintiff. Held, that there was a fatal va riance." Courts are usually reluctant to set aside a judgment regular on its face, and reinstate an action, unless a meritorious cause of action or defense is shown; and when it appears that the undisputed evidence offered at a former trial in no manner tends to establish the defense pleaded, and the finally defeated litigant has been negligent, his motion may very properly be denied. Gauthier v. Rusicka (N. D.) 53 N. W. 80; Story v. Weaver, 66 Ga. 296. While the applicant is not *required to make more than a prima facie* showing on the merits, and affidavits to controvert his affidavit of merits are inadmissible, as held by this court in Oil Co. v. Lee, 1 S. D. 531, 47 N. W. 955, when as in this case, the motion is based on files and records tending affirmatively to show that he has no defense upon the merits, a very different question is presented. The court was fully justified in concluding from the record and affidavit of Mr. Soper that appellant was not prevented from making his defense in the action by any mistake, accident, or

surprise due to the negligence, default, or misrepresentation of his counsel, and that his failure to employ an attorney and appear at the trial was the result of his own inexcusable negligence. Surely the failure of an attorney to appear at a trial and interpose a defense, even though a valid one exists constitutes no ground for disturbing a judgment, when such attorney has been previously discharged, and his former client not misled by any statement of his made either prior or subsequent to the severance of their relations. The case of Searles v. Christensen, 5 S. D. 650; 60 N. W. 29, was in every material particular different from this. There the defendant, upon being sued, immediately employed an attorney to represent him in the case, and thereafter retained additional counsel. At the time the case was set for trial he appeared at the court house, and was then and there informed by his attorneys that the action against him had been discontinued. Relying upon this statement, as he had a right to do, he returned to his home, in another county; and judgment was rendered against him at the same term, although he appears to have had a meritorious defense. It follows from what we have said concerning the law and facts that there was no manifest abuse of that sound legal discretion with which the trial court was vested, and the order appealed from is affirmed.