## KJETLAND v. PEDERSON.

Refusal to open a default will not be disturbed, unless an abuse of discretion is affirmatively shown.

Under Rev. Code Civ. Proc. § 151, authorizing vacation of a judgment taken against one through his mistake, inadvertence, surprise, or excusable neglect, it would not be justified, where the summons was regularly served, and defendant read it, and neglected to consult counsel, answer,

or appear, and the case was regularly tried and verdict rendered for plaintiff on all the issues, and no fraud was practiced on defendant or attempt made to deceive him, though plaintiff's attorney, when applied to, told defendant he could give him no information in regard to the case, and no complaint was filed till after that time, and defendant makes affidavit that he made a settlement with plaintiff; this being denied by counter affidavits of plaintiff and another.

(Opinion filed, Sept. 2, 1905.)

Appeal from Circuit Court, Day County. Hon. J. H. McCoy, Judge.

Action by Hanna Kjetland against Christ Pederson. From an order, defendant appeals. Affirmed.

*Frank Sears,* for appellant. *J. H. Lund,* for respondent.

CORSON, P. J. This is an appeal by the defendant from an order denying his motion to vacate and set aside the judgment and for leave to file an answer in the action. The summons was served on the 5th day of December, 1902, and, no answer being filed and no appearance on the part of the defendant, the case was tried to a jury on the 27th day of January, 1903, and, the verdict having been in favor of the plaintiff, a judgment was rendered thereon. On the 21st day of February, 1903, a motion was made by the defendant to vacate and set aside the judgment and for leave to answewr in the action, which motion was on the 9th day of March, 1903, denied by the court, and from that order the defendant has, as before stated, appealed.

It appears from the affidavit of the defendant, filed in support of his motion, that a summons was served upon him on the 5th day of December, 1902, in the city of Webster, in Day county; that he read the summons, placed the same in his pocket, and then immediately left Webster for his home, some 16 miles distant in Codington county; and that by some means the summons was lost. It further appears that, some time in the latter part of December, the defendant called upon plaintiff's attorney and sought information in regard to the case, and that said attorney informed him at that time that he was attorney for the plaintiff and could give him no information in regard to the case; that at the time the defendant had this conversation with the said attorney no complaint in the action had then been made or served, and that not until the 29th day of

December, 1902, did the plaintiff make any complaint in the action; that no papers in the action had been filed in the office of the clerk of courts in and for Day county prior to that time, and that he, for these reasons, believed that said suit had been dismissed or discontinued; that upon defendant's return home from the said interview with the plaintiff's attorney, at the request of the brother-in-law of the plaintiff, he called upon her, then living with the family of said brother-in-law, and had a heated conversation with her in regard to the case, resulting as he claimed in a settlement of the case, upon which he paid the sister of the plaintiff $50, and agreed to pay her $500 in the fall of 1903, and thereupon he neglected to consult counsel or file an answer in the case. The defendant does not claim that; in this interview with the plaintiff, there was any written agreement or settlement, or that he executed any note, or in any manner secured the payment of the $500 to be paid in the fall of 1903. This statement of the defendant in regard to the alleged settlement is denied by the plaintiff in her affidavit in opposition to the motion, and in her affidavit, in substance, she says that the defendant offered to pay her $500, and thereupon took out of his pocketbook $50 and tried to compel her to take the same, but that she refused, and that thereupon he threw the $50 upon the table and went out, and that upon the following day the said $50 was returned to and accepted by him. John Brensdal, the brother-in-law of the plaintiff, in his affidavit in rebuttal of the defendant's application, corroborates the plaintiff's statement that she refused to accept the terms of the proposed settlement, and refused to accept the $50.

It may be regarded as the settled rule in this court that a motion to set aside and vacate a judgment and for leave to answer is within the sound judicial discretion of the trial court, and that, unless it affirmatively appears that there has been an abuse of such discretion, the ruling of the trial court upon the motion will not be disturbed. Pettigrew v. Sioux Falls, 5 S. D. 646, 60 N. W. 27; Merchants' National Bank v. Stebbins, 10 S. D. 469, 74 N. W. 199; Minnekahta State Bank v. Fall River County, 4 S. D. 124, 55 N. W. 863; Evans v. Fall River Co., 4 S. D. 119, 55 N. W. 862; Minne-

haha Natl. Bank vs. Hurley, 13 S. D. 21, 82 N. W. 87. The question, therefore, presented is, was there an abuse of such discretion by the trial court in this case? Taking the most liberal view that the facts established by the affidavits in this case will warrant, we are of the opinion that there was no such mistake, inadvertence, surprise, or excusable neglect as is contemplated by section 151 of the Revised Code of Civil Procedure, under which a court is authorized to vacate and set aside a judgment and permit a party to answer, as would have justified the trial court in granting the defendant's motion. It will be observed that it clearly appears that the summons in the action was regularly served, and that the defendant read the same and that he neglected to consult counsel, file an answer, or appear in the action, and that the same was regularly tried to a jury at the January term, 1903, of the Day county circuit court and verdict rendered in favor of the plaintiff on all the issues, and plaintiff's damages assessed, and the judgment regularly entered thereon. It does not appear that any fraud was practiced on the defendant, or that any attempt was made to mislead him, either by the plaintiff or her attorney. The plaintiff's attorney, when applied to, very properly informed the defendant that, as attorney for the plaintiff, he could give him no information in regard to the case. It also appears, and we think by a preponderance of the evidence, that no settlement was affected with the plaintiff, and that nothing occurred in the interviews between him and the plaintiff which gave him any right to believe that she accepted his proposed offer or would settle the case upon the terms proposed, as he received back the $50 left by him on her table, and therefore it is quite clear that defendant's failure to answer the complaint in the action and defend the same was the result of his own gross negligence. Even under the liberal rule laid down by this court in Griswold Linseed Oil Co. v. Lee, 1 S. D. 531, 47 N. W. 955, there were no facts in this case that would have justified the court in granting defendant's motion.

The order of the circuit court denying defendant's motion is affirmed.