POOLE ET AL VS PEORIA CORDAGE CO.

Opinion rendered November 24, 1906.

(97 S. W. Rep. 1015).

1. *Judgment—Default—Vacating.*

  The question of setting aside and vacating a default judgment is within the discretion of the Trial Court, and its action will not generally be disturbed by Appellate Court unless there has been a manifest abuse of such discretion.

2. *Judgment—Pleading Sufficient to Sustain Default Judgment.*

  Where a complaint states a good cause of action a default judgment will not be disturbed for want of defect in verification.

3. *Bond For Costs—Failure to Give.*

  An action in which a bond for costs is required, and which has not been given, shall be dismissed any time before judgment, on motion of defendant, unless time is granted to file such bond.

Error to the United States Court for the Northern District of the Indian Territory; before Justice Wm. R. Lawrence, May 27, 1905.

Action by the Peoria Cordage Company against C. W. Poole and another, doing business under the firm name of the Chelsea Furniture & Implement Company. There was a judgment refusing to vacate a default judgment for plaintiff, and defendants bring error. Affirmed.

On March 16, 1905, the plaintiff (appellee) filed its complaint, and alleged that on June 13, 1904, the defendants (appellant) under the firm name of Chelsea Furniture & Implement Company, became indebted to the plaintiff in the sum

of $1,245 for merchandise sold and delivered; that $394.60 has been paid, leaving the balance due $850.40, which bears interest at 6 per cent. per annum from October 1, 1904; that plaintiff is a corporation under the laws of Illinois, and a verified account is attached and made part of complaint, and asks judgment for $850.40, interest, and costs. Summons was issued and served on defendant Poole on March 21, 1905, and on defendant Smith on April 8, 1905. On May 27, 1905, judgment by default was taken for plaintiff against defendants for $884.15, and costs. On June 20, 1905, defendant Poole filed motion to set aside judgment by default, and on September 28, 1905, filed an amended motion to set aside default. On same day court overruled the motion to set aside default judgment, to which defendant Poole excepted, and case by writ of error brought to this court.

*Edgar Smith*, for plaintiffs in error.

*Wilson & Davis* and *John M. Cleary*, for defendant in error.

TOWNSEND, J. (after stating the facts). The plaintiffs in error have filed six assignments of error, as follows: "(1) It appeared from the record and proceedings that said C. W. Poole has a meritorious defense to said action and a reasonable excuse for having suffered the default. (2) Because it was shown that said default was the result of mistake and misunderstanding between attorney and defendant as to the fact of employment to defend said suit. (3) The plaintiff's complaint is insufficient to support the judgment. (4) Plaintiff's complaint is not verified as required by statute. (5) Plaintiff did not file the bond for costs required by statute. (6) Plaintiff, alleging that it is a corporation, does not allege that it was, at the time of the transaction of sale of goods alleged, doing

business in the Indian Territory under the laws of the United States as provided by the act of Congress of February 18, 1901 (31 Stat. 794, c. 379)."

In the beginning of his argument, counsel for appellant says: "True the court did not embody its reasons for overruling motion into the record, but it can be gleaned from the whole record that the court was acting on the theory that it had no discretion, but on the contrary invoked a rule that it was confined to the old doctrine of fraud, accident or mistake." The reasons of the court not being stated in overruling the motion to set aside the judgment by default, the appellant therefore imagines that the court was acting upon the theory that it had no discretion, and that that action can be gleaned from the whole record. We fail to draw that conclusion from an examination of the whole record. The question of setting aside a default judgment is a matter resting in the sound discretion of the trial court. Natl. Bank vs Wentworth, 28 Kan. 194. In Freeman on Judgments, p. 934, § 541, it is said: "The courts possess and exercise a very large discretion in vacating judgments by default, for the purpose of permitting a defense to be made on the merits. No rule can be laid down on this subject which would be applicable in all the different states. In Missouri, the rule is "that a meritorious defense and a reasonable degree of diligence in making it are all that it is necessary to establish, in order to justify the setting aside of a default.' In deciding upon the question of diligence, the action of the court will be reviewed only in extreme cases, involving an abuse of the discretion vested in the court"—and citing a large number of cases in support of the text. In Merritt vs Putnam, 7 Minn. 493 (Gil. 399), it is said: "This discretion is of course a legal and not an arbitrary one, but will not be interfered with in its exercise except in cases of palpable abuse." In Bigler vs Baker (Neb.) 58 N. W. 1026, 24 L. R. A. 257:

"But the vacation during the same term of judgments by default is so largely a matter of discretion for the trial court that this court will decline to interfere unless there appears to have been a clear abuse of discretion." In Black on Judgments, § 354: "A motion to vacate or set aside a judgment is addressed to the sound legal discretion of the trial court on the particular facts of the case, and its action in the matter, whether of allowance or refusal, will not generally be disturbed by the appellate court, unless there has been a manifest abuse of such discretion." Under Mansfield's Digest, § 3909 (Ind. Ter. Ann. St. 1899, § 2589), judgments may be set aside after the expiration of the term "for unfavorable casualty or misfortune preventing the party from defending or prosecuting, and fraud practiced by successful party in obtaining the judgment." "It is said that every case must be governed by its own facts." Black on Judgments, § 313. "It is an equitable power." Freeman on Judgments, § 105. "A party will not be aided after a trial at law, unless he can impeach the justice of verdict or report, by facts or on grounds of which he could not have availed himself, or was prevented from doing it by fraud, accident, or the act of the opposite party, unmixed with negligence or fault on his part." Dugan vs Cureton, 1 Ark. 31, 31 Am. Dec. 727. "To authorize a party to be relieved in chancery against a judgment at law, it must conclusively appear that the judgment was obtained by fraud, accident, or mistake, unmixed with any negligence or fault on his part." Andrews vs Fenter, 1 Ark. 186. "One cannot have relief in chancery, unless he was deprived of his defense by accident or mistake, or fraud of the opposite party, unmixed with negligence on his part." Hempstead vs Watkins, 6 Ark. 317, 42 Am. Dec. 696. "To entitle a party to relief in chancery against a judgment at law it must conclusively appear that the judgment was obtained by fraud, accident, or mistake, unmixed with any negligence on his part." Bently vs Dillard, 6 Ark.

80. "To entitle a party to enjoin a judgment he must show, not only that the judgment was unjust, but that it was not the result of any inattention or negligence on his part; that he omitted to defend suit in consequence of being misled by the clerk of the court as to its character was inexcusable negligence." Hanna vs Morrow, 43 Ark. 107. "When a party has once an opportunity of being heard and neglects to do so, he must abide the consequences of his neglect. A court of equity cannot serve him though the judgment is manifestly wrong.

It appears from the record that the complaint was filed March 16, 1905, summons was served on defendant Poole March 21, 1905, and on May 27, 1905, judgment by default for plaintiff was entered, and on June 20, 1905, defendant Poole filed his motion in the form of an affidavit, to set judgment by default aside. It thus appears that from March 21st to May 27th, a period of over two months, he wholly failed to attend to his case. The only statement in said affidavit that exhibits any diligence on the part of said Poole is the following: "Your petitioner further shows that he engaged a member of the bar of this court who is now absent from the Indian Territory to represent him, and does not know how the matter went by default. This being the return term and it being announced that civil cases would not be tried at this term this defendant did not watch the matter as he would otherwise have done. However, this defendant does not actually know how it came that default was taken and does not know what steps his counsel had taken, and as he is on a vacation, he has had no opportunity to confer with him." In response to said affidavit and motion, the plaintiffs state the following: "That when said judgment was taken, John B. Turner, who the said Poole claims to have employed to defend said suit, was present in the court room at Vinita, I. T., and was fully apprised of the fact that a judgment was taken in said cause, that said Turner heard the case

called, and inquired of plaintiff's attorney, D. H. Wilson, what case it was against said Poole, and was advised by said Wilson that it was the above-named plaintiff. That said Turner made no objection to the court nor did he make any further statement of plaintiff's attorney, and that then judgment was taken for the amount sued for in the presence of said Turner, in open court, Hon. William R. Lawrence, Judge presiding."

Defendant then filed an amended motion, which contains the following: "This defendant engaged counsel a member of the bar of this court, to represent him in this case and was greatly surprised to learn that judgment had been rendered against him." To said amended motion, plaintiff files answer supported by affidavit of D. H. Wilson, one of plaintiff's attorneys, as follows: "That when the said judgment was taken, John B. Turner, Esq., who the said Poole claims to have been employed to defend said suit was present in the courtroom, at Vinita, I. T., and was fully apprised of the fact that the suit was against said Poole before judgment was taken, and that said Turner made no objections, nor expressed no desire to appear or to plead in said cause; further answering, the plaintiff states that the defendant Charles W. Poole had made no effort whatever to employ an attorney to defend said suit, and alleges the fact to be that the said Turner had not been employed by him, and had not received any retainer or contract by which he was obligated to appear for said Poole in the said cause." And plaintiff also filed affidavit of John B. Turner, as follows: "John B. Turner, on oath states: I am a member of the bar and practicing attorney in the United States Courts in the Indian Territory. C. W. Poole, one of the defendants in the above-entitled cause did not employ me to defend his interests in said cause. I was present in the courtroom when the judgment was taken."

Plaintiff in his brief says, as to the last four assignments of error: "Each of the remaining four assignments of error go to the irregularity of plaintiff's judgment, and can be cured upon trial." As to the third assignment, that the complaint is insufficient to support a judgment, he cites no authority, but the court, in the rendition of its judgment, finds that the complaint states a good cause of action. As to the fourth assignment, that the complaint was not verified, it is sufficient to say: "No objection shall be taken after judgment to any pleading for want of, or defect in, the verification." Ind. Ter. Ann. St. 1899, § 3292. As to the fifth assignment, that bond for costs was not given, while bond for costs is required from nonresidents under section 1036, Mansf. Dig. (Ind. Ter. Ann. St. 1899, § 730), section 1037, Mansf. Dig. (Ind. Ter. Ann. St. 1899, § 731), provides as follows: "An action in which a bond for costs is required by the last section, and has not been given, shall be dismissed on the motion of the defendant at any time before judgment, unless in a reasonable time to be allowed by the court after the motion is made therefor such bond is filed, securing all past and future costs; and the action shall not be dismissed or abated if a bond for costs is given in such time as the court may allow." The sixth assignment, under the decisions of this court, is not effective. Ammons vs Brunswick (I. T.) 82 S. W. 937. "The doing of a single act of business does not violate the statute relating to foreign corporations." Ammons vs Brunswick (I. T.) 82 S. W. 937.

In our judgment, the appellant has failed to show any such diligence as entitles him to ask to vacate and set aside the judgment. The trial court, in refusing to set aside the judgment, was exercising its sound legal discretion, and there is nothing disclosed by this record that would justify this court in interfering with the judgment of the court, and it is therefore affirmed.

GILL, C. J., and CLAYTON, J., concur.