## CORSON v. SMITH.

Whether the matter in controversy had been settled before judgment is an issue of fact not determinable on a motion to open a default or vacate the judgment, but only on a trial of the action.

Execution of a note being established by the pleadings, so that the note was properly admitted without proof of the maker's signature, this and its possesion by plaintiff, prima facie evidence of ownership, were enough to justify judgment according to the terms of the note, less a payment admitted.

Application to open a default, or for relief from a judgment taken against defendant through his mistake or oversight, being addressed to the sound discretion of the trial court, its refusal is justified; defendant's only mistake or oversight being failure to inform his attorneys of an alleged settlement before their withdawal from the case.

(Opinion filed, December 9, 1908.)

Appeal from Circuit Court, Douglas County. Hon. E. G. Smith, Judge.

Action by W. H. Corson against H. H. Smith. From an adverse judgment and order, defendant appeals. Affirmed.

*Robert D. Walker* and *Zenas R. Gurley,* for appellant. *E. P. Wanzer* and *Davis, Lyons & Gates,* for respondent.

HANEY, P. J. It is alleged in the complaint, in substance: (1) That on May 22, 1903, the defendant executed and delivered to the plaintiff his promissory note, whereby he promised to pay the plaintiff $575, on November 1, 1903, with interest payable annually at the rate of 6 per cent. per annum from date until paid. (2) That no part of said note has been paid, except $50, paid January 15, 1904; $417.10, paid January 26, 1904; and $20.75, paid Feb-

ruary 6, 1904. (3) That there is now due and owing the plaintiff from defendant $105, with interest from date at the rate of 6 per cent. (4) That when said note was executed and delivered defendant was the owner of certain described personal property. (5) That on the same day the defendant executed a chattel mortgage upon said property to secure said note which was duly filed. (6) That on October 17, 1903, the defendant executed another chattel mortgage to secure said note which was duly filed. And (7) that no action or proceeding at law, or otherwise, has been had for the recovery of the debt secured by said mortgages. Defendant answered denying each and every allegation of the complaint not specifically admitted, admitting paragraphs 1, 4, 5 and 6, and denying "that said note is not wholly paid, or that any part thereof is due and unpaid, or that there is any interest on said note set out in paragraph 1 of plaintiff's complaint due and unpaid, and he denies that there is now due on said note from this defendant to said plaintiff the sum of $105 with interest from date at the rate of 6 per cent. per annum, or that there is due to said plaintiff from this defendant on said note any other sum whatever." He also pleaded by way of counterclaim certain payments to a third party at the special instance and request of the plaintiff, and the payment of a small sum to plaintiff's attorney.. Plaintiff's reply denied all the allegations of the counterclaim except those relating to the payments to the third party. On December 22, 1904, when the cause came on for trial on the regular call of the calendar, defendant's attorneys of record withdrew from the case, and the plaintiff introduced the note sued on without proof of signature; the same having the following indorsement on the back thereof: "Paid January 1ᵉ 1904, $50. Paid January 26, 1904, $417.10. Paid February 6, 1904, $20.75." The mortgages securing the note sued on also were introduced, and no other evidence was offered or received. Thereupon the court rendered judgment in favor of the plaintiff for $121.66 principal and interest, $21.10 costs, aggregating $142.76, and ordering the sale of the mortgaged property in the usual form. This judgment was signed by the court December 28, 1904. On January 13, 1905, defendant gave notice of motion that the judgment entered against him by default and all subsequent proceed-

ings in the action be set aside for the reasons stated in his notice. This motion was supported by the following affidavit: "The affiant, H. H. Smith, being duly sworn, states: (1) That he is the defendant in the above-entitled action. (2) That the summons and complaint in this action were served on him on the 26th day of February, 1904. ˙ (3) That he thereupon made out an answer to the said complaint and served the same on the plaintiff on the 27th day of March, A. D. 1904. (4) That Walker & Gurley were employed by the said affiant to represent him in said cause as his attorneys therein. (5) That the said cause came up for hearing before this court on the 22d day of December, 1904, and that on that date said Walker & Gurley through mistake and misinformation withdrew their appearance in this action, and that thereupon plaintiff's attorney, E. P. Wanzer, took judgment for plaintiff for the amount claimed in the plaintiff's complaint. (6) That he, the said affiant, was ready for trial at any time said cause should be reached on the calendar, but was never notified that the cause had been reached for trial, and supposed the cause had been continued until he was informed by said E. P. Wanzer that on the 11th day of January, 1905, that judgment had been given against him in said cause. (7) That, when this affiant was informed of said judgment by the said E. P. Wanzer, this affiant asked him, the said Wanzer, if the plaintiff was here and testified, or if there was any proof offered by him, and that said Wanzer replied, 'There was not,' and that he, the said Wanzer, had acted solely from orders of Davis, Lyons & Gates, plaintiff's Sioux Falls attorneys, and not on the orders from the plaintiff. (8) This affiant further states that the matter in controversy was settled by an agreement between the plaintiff and this affiant, whereby this affiant agreed to pay the said plaintiff the sum of $75 in full settlement of said cause, and that plaintiff agreed to have said cause dismissed, which dismissal was a condition precedent to the payment of said sum by this affiant. That through mistake and oversight the above and foregoing agreement by and between said plaintiff and defendant was not made known to Walker & Gurley, defendant's attorneys, before their withdrawal from said cause. (9) The affiant further states that his attorneys, Walker & Gurley, acted wholly without his authority or

consent in withdrawing their appearance in said action, or in entering into any agreement which prejudiced this affiant's rights, but that said attorneys acted through mistake and in not having been advised as hereinbefore stated. (10) I further say that I have fully and fairly stated the facts of the cause in this case to Robert D. Walker and Zenas R. Gurley, my counsel, who have re-entered this case, who reside in the city of Armour, county of Douglas and state of South Dakota, and after such statement I am advised by them that I have a good and substantial defense on the merits of the action, and verily believe the same to be true." The motion was denied, and defendant appealed.

It will be assumed that the appeal was taken from both the judgment and order, though the abstract fails to disclose what was appealed from. The errors assigned are, in effect, that the court erred in rendering the judgment it did and in denying defendant's motion to set aside the same for the following reasons: (1) That said judgment was not supported by the evidence introduced, in that there was no evidence whatever introduced which proved that there was due and owing the plaintiff from the defendant, at the time of the trial of this cause, the sum of $105 and interest at 6 per cent. per anum. (2) That the matter in controversy had been settled by an agreement between the plaintiff and defendant, whereby the defendant was to pay the plaintiff a specified sum of money upon plaintiff dismissing the cause, and this plaintiff had failed to do. (3) That defendant's attorneys, at the time the case was called for trial, withdrew from the case without defendant's knowledge or authority, and without notifying the defendant of such withdrawal until after the case had been tried." The second ground of the motion was clearly untenable. Whether the controversy had been settled was an issue of fact to be determined upon a trial of the action, and not upon a motion to open the default or vacate the judgment. Therefore, taking the view most favorably to the defendant, the only questions properly presented by this appeal are (1) whether the court erred in rendering judgment upon the evidence introduced, and (2) whether it was an abuse of discretion to not open the default.

The fact of its execution being established by the pleadings, the note properly was received without proof of the maker's signature and, as its possession by the plaintiff was prima facie evidence of ownership, there was ample evidence to justify a judgment for the full amount of principal and interest according to its terms afforded by the instrument itself. However, as certain payments were admitted, of course, the recovery was not allowed to exceed the sum claimed in the complaint. Clearly there was no error in rendering judgment for that amount, in the absence of any evidence on the part of the defendant in support of his alleged affirmative defense.

Regarded as an application to open the default or for relief from "a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect," defendant's motion was addressed to the sound legal discretion of the trial court, and its ruling thereon should not be disturbed in the absence of manifest abuse of such discretion. Rev. Code Civ. Proc. § 151; Evans v. Fall River County, 4 S. D. 119, 55 N. W. 862; Pettigrew v. City of Sioux Falls, 5 S. D. 646, 60 N. W. 27; Bank v. Hurley, 13 S. D. 18, 82 N. W. 87. The only mistake or "oversight" on the part of the defendant disclosed by his affidavit was his failure to inform his attorneys of the alleged settlement before their withdrawal from the cause. In the absence of any showing as to the circumstances attending such failure, it must be regarded as inexcusable, and the learned circuit court clearly was justified in refusing to grant the relief sought.

The judgment and order appealed from are affirmed.