# McANDREWS v. SECURITY STATE BANK OF MONT-ROSE.

A complaint alleging that defendant is a corporation duly organized under the banking laws, that plaintiff indorsed over to and deposited with defendant a draft, and that defendant thereupon promised to pay plaintiff the amount thereof, that plaintiff had repeatedly demanded of defendant that it pay him the money so deposited, and that defendant refused to honor plaintiff's checks, stated a cause of action without alleging that plaintiff demanded payment during banking hours.

No error having been assigned covering a point urged in appellant's brief, it must be disregarded.

The vacation of a default judgment is within the sound discretion of the trial court.

Unless it appears that there has been an abuse of discretion, a ruling on a motion to vacate a default will not be disturbed.

A summons and complaint were personally served September 22d. On October 27th, no appearance having been made, a default was entered. On November 14th, execution was issued, but at the request of defendant no levy was made. On March 15th, following, defendant served notice of motion to vacate the default. The president of defendant stated in his affidavit that prior to expiration of the time to answer he took the copy of the summons and complaint to the office of the defendant's regular attorney, and left the same with the stenographer; that he supposed he had taken the necessary action for defense and was surprised to hear of the judgment. The affidavit of the attorney stated that he did not know of the action until about February 15th. The stenographer made an affidavit that she did not remember receiving the summons and complaint. The papers were not found until March 12th, behind a desk. The offices of the attorney and of defendant were near each other, and defendant's president had frequent conversations with the attorney, but never called his attention to the matter until February 16th. The only excuse offered for the delay from October 27th to March 15th, was that negotiations were pending for a settlement out of court. **Held,** that no abuse of discretion in refusing to open the default was shown.

(Opinion filed, June 4, 1910.)

Appeal from Circuit Court, McCook County, Hon. Joseph W. Jones, Judge.

Action by Thomas McAndrews against the Security State Bank of Montrose, South Dakota. There was judgment by default against defendant, and from an order refusing to set the same aside, plaintiff appeals. Affirmed.

*M. A. Butterfield,* for appellant. *Wagner & VanDemark,* for respondent.

CORSON, J. This is an appeal by the defendant from an order denying the defendant's motion to vacate and set aside a judgment by default, and for leave to answer. The action was instituted by the plaintiff to recover of the defendant the sum of $237.20 with interest from March 20, 1908. The summons and complaint were personally served upon the defendant by the sheriff of McCook county on September 22, 1908, by delivering a copy of the same to P. G. Williams, its president. On October 27, 1908, no appearance having been made on the part of the defendant, and no answer filed, the plaintiff presented to the court affidavit of default, and thereupon a default judgment was entered for the sum of $242.34 and costs. On November 14th, this judgment was filed for record, and recorded in the judgment record of McCook county. On the same day an execution was issued and placed in the hands of the sheriff, but at the request of the defendant through its president, no levy was made thereunder. On March 15, 1909, defendant served upon plaintiff's attorneys notice of motion to vacate the default judgment, and for leave to answer, which motion was accompanied by a proposed answer. This motion was heard on March 27th, and denied by the court, and on March 29th an appeal was taken to this court from the order denying the motion. It would appear from the record, though not stated in the notice of motion, that the motion was made upon the ground of inadvertence, surprise, and excusable neglect. It is stated in the affidavit of P. G. Williams, the president of the defendant, that he, prior to the time when defendant's time to answer expired, took the copy of summons and complaint to the office of M. A. Butterfield, defendant's regular attorney, at Montrose, S. D., and left the same in care of a lady stenographer then in charge of the office, said Butterfield being then absent, and informed said stenographer that he wished said Butterfield to attend to said case and look after it for deponent. It is disclosed by the affidavit of said Butterfield that he did not receive the copy of said summons and complaint, and had no

knowledge of the existence of the action until about February 15, 1909. The stenographer made an affidavit that she had no recollection of the summons and complaint being delivered to her for the said M. A. Butterfield, who was her father. Said Williams further states in his affidavit "that he supposed said attorney had taken whatever steps might be necessary to protect the interest of the defendant, and to interpose an answer; that afterwards he was surprised to hear that judgment had been entered against defendant by default; that deponent made various attempts to settle, said matter out of court, and finally on February 16, 1909, inquired of said Butterfield, why he did not make a defense in said case, and was informed by him that he never saw the summons and complaint, and did not know anything about their being left in his office or that his services in the matter had been requested. Said papers could not be found until March 12, 1909, when they were found fallen over behind a desk in the said office." Subsequently the testimony of said Williams was taken on the part of the plaintiff by a referee appointed by the court, in which, among other things, he stated as follows: "Q. Did you ever prior to the 16th day of February, 1909, consult any attorney with reference to this case? A. I first consulted an attorney on or about that time. Q. When did you first learn that a judgment had been entered against the defendant in this action? A. The first I heard of it was when the sheriff called my attention to it and I do not remember the exact date, it was some time prior to January 1, 1909. * * * Q. I will ask you whether or not you spoke to M. A. Butterfield concerning these papers from the time they were served on you until about the 16th of February, 1909? A. No. Q. How far is the office of M. A. Butterfield from the Security State Bank? A. One block. Q. Were you ever in the office of M. A. Butterfield after the time you claim to have left these papers there and about the 16th of February, 1909? A. Yes, I was. Q. Did you not see and talk frequently with said M. A. Butterfield between those dates? A. Yes, sir. Q. But you never said anything to him about this case? A. No, not until about the mid-

dle of February, because I thought he would attend to it anyhow. Q. When did you first explain to M. A. Butterfield the facts of this case? A. Some time in March." It will thus be seen that the summons and complaint were personally served on the defendant September 22, 1908; that judgment was taken on October 27, 1908; that on November 14th the judgment was entered of record, and on the same day an execution issued; that no motion was made to vacate or set aside the judgment until about the 16th of March, 1909, and that the case was first called to the attention of the attorney of the bank on or about February 16, 1909. The only excuse offered for this long delay from October 27, 1908, to the middle of March, 1909, in making the motion, was that there were negotiations pending for a settlement of the case out of court, but this excuse, in our opinion, is not such as to justify the delay on the part of the defendant in its application for a vacation of the judgment, and for leave to answer, and especially is this so in view of the fact that the attorney for the defendant was not advised of the entry of judgment or the proceedings being had in the case for a settlement until on or about the 16th day of February of the latter year.

The errors assigned are in substance as follows: (1) That the court erred in rendering judgment by default on the pleadings and proceedings before it, for the reason that the complaint does not state facts sufficient to entitle the plaintiff to any judgment. (2) The court erred in not granting the appellant's motion for leave to answer, and to open the default judgment against appellant, and denying appellant's said motion. · (3) That the court erred in holding that the showing made by appellant's motion papers and proposed answer did not present a case where appellant was entitled to relief from the judgment against it as having been obtained by inadvertence and excusable neglect. (4) That the court erred in not holding that the efforts to settle the difference between the parties, shown by the moving and opposing papers, did not constitute an excuse for the delay in moving to vacate and set aside the default and for leave to answer.

The first error assigned that the complaint does not state a cause of action is clearly untenable. In our opinion it contains all the necessary allegations required in a complaint in such an action, and would be held sufficient on demurrer to the same on the ground that it did not state facts sufficient to constitute a cause of action. It is alleged in the complaint that the defendant is a corporation duly organized and existing under the laws of this state for the purpose of carrying on a general banking business; that on or about the 12th day of February, 1908. plaintiff indorsed over to and deposited with the defendant a certain draft or bill of exchange of the face value of $300, and that said defendant thereupon promised and agreed to pay to this plaintiff or order upon demand the said sum; that plaintiff repeatedly demanded of said defendant that it pay to him the money so deposited with, and received by, said defendant, and that defendant refused to honor plaintiff's checks, and still refuses to pay this plaintiff the balance due and owing to him from said defendant; that there is now due and owing from defendant to plaintiff the said sum of $237.23, wherefore the plaintiff demands judgment, etc. The contention of the appellant that the complaint should show that the plaintiff demanded payment during banking hours, and that the failure to make such an allegation renders the complaint insufficient is without merit, and the authorities cited by the appellant do not seem to sustain its contention.

It is further contended by the appellant that the judgment is invalid for the reason that it was entered in the judgment book by the clerk without an order of the court. No error having been assigned that will cover this point the contention of counsel in his brief must be disregarded.

The last two assignments of error designating as error the court's refusal to grant defendant's motion on the ground of surprise, inadvertence, mistake, or excusable neglect is a matter largely within the sound judicial discretion of the trial court, and the decision of the court denying the motion will not be reversed unless there is a clear abuse of such discretion. In Kjetland v. Pederson, 20 S. D. 58, 104 N. W. 677, this court says:

"It may be regarded as a settled rule in this court that a motion to set aside and vacate a judgment and for leave to answer is within the sound judicial discretion of the trial court, and that unless it affirmatively appears that there has been an abuse of such discretion, the ruling of the trial court on the motion will not be disturbed."    Pettigrew v. Sioux Falls, 5 S. D. 646, 60 N. W. 27; Merchants' National Bank v. Stebbins, 10 S. D. 466, 74 N. W. 199; Minnekahta State Bank v. Fall River Co., 4 S. D. 124, 55 N. W. 863; Evans v. Fall River Co., 4 S. D. 119, 55 N. W. 862; Minnehaha National Bank v. Hurley, 13 S. D. 18, 82 N. W. 87; Keenan v. Daniells, 18 S. D. 102, 99 N. W. 853; Meade County Bank v. Decker, 19 S. D. 128, 102 N. W. 597. Upon an examination of the affidavits in this case we are of the opinion that there was no abuse of the court's discretion in denying appellant's motion to vacate and set aside the judgment.    Assuming that the statement of the president of the bank is correct that he did leave the copy of the summons and complaint in the office of the bank's attorney prior to the time for answering had expired, it seems somewhat remarkable that the president of the bank paid no further attention to the matter by consulting the attorney of the bank, until on or about the 15th of February of the following year, and that no motion was made until about the middle of March of that year, as it clearly appears from the affidavits that the office of the attorney and the defendant bank were situated a very short distance from each other, and that the president of the bank frequently had conversations with the attorney in regard to matters pertaining to the bank, but never called the attention of the attorney to the matter until on or about the middle of February.    The affidavits of the respective parties are quite voluminous, and their reproduction in this opinion would serve no useful purpose.    Upon a careful examination of them we are unable to say that there was any abuse of discretion on the part of the trial court, or that it committed error in refusing to grant the defendant's motion.

The order denying the motion appealed from is affirmed.