## STATE v. CASEY.

It is not a sufficient ground for opening a default judgment that defendant "was informed * * * that there was no need of going to expense to employ an attorney, for they could not get judgment against him."

(Opinion filed Dec. 23, 1896.)

Appeal from circuit court, Lake county. Hon J. W. JONES, Judge.

Proceeding to abate a common nuisance, under the laws relating to intoxicating liquors. From an order vacating a judgment by default, with leave to defendant to answer, plaintiff appeals. Reversed.

The facts are stated in the opinion.

*Oscar O. Murray,* for the state.

The fact that defendant did not know what his rights and duties were is not ground for opening a judgment entered for his failure to answer. Chapin v. Fulkerson, 24 S. W. 1066.

HANEY, J. Plaintiff appeals from an order vacating a judgment, and allowing defendant to answer, in an action brought to abate a common nuisance, under the law relating to intoxicating liquors. Personal service was made February 1, 1896, in Lake county, where the nuisance existed and defendant resided. He did not appear. Judgment was rendered. Special execution issued. The nuisance was abated, and the premises were closed by the sheriff, March 10th. May 1st defendant's motion to vacate the judgment was denied. May 18th he again moved to have the judgment vacated, with leave to defend, which was granted, and plaintiff appealed.

The purpose and grounds of the first motion do not appear in the abstract. It will be presumed that they were not such as to preclude defendant from making the second. If they were of a different nature, the decision of one was not decisive of the other. Weber v. Tschetter, 1 S. D. 205, 46 N. W. 201.

The second motion was made on the record, a proposed answer, which was, in effect, a general denial, and an affidavit of defendant, wherein he states that personal service of the summons, affidavit, order of injunction, and search warrant was made February 1, 1896; that, when the search was made, no intoxicating liquor was found on the premises; that he "did not appear and answer in said action, for the reason that he was informed that, where the officer making the search did not find any intoxicating liquors, the action abated, and that there was no need of going to expense to employ an attorney, for they could not get judgment against him; that had he known that judgment would or could be entered against him if he did not appear in said action, he should have appeared and defended therein." No question is made as to the regularity of the proceedings before and after entry of judgment. The foregoing statements of defendants are the only reasons given for asking to have the judgment vacated. Unless defendant's neglect was excusable, the court was not justified in sustaining his motion. Comp. Laws, § 4939; Pettigrew v. City of Sioux Falls (S. D.), 60 N. W. 27. There was no dispute concerning facts. The only excuse offered is that defendant was informed that an answer was unnecessary. From whom this remarkable information was received is not shown. It does not appear that defendant is unacquainted with the laws, language and customs of the country. It must be presumed he possesses ordinary intelligence. If so, his reason for neglecting this important litigation is not entitled to the slightest consideration. It is no excuse whatever. Excusable neglect may not be easily defined. It would be impossible to formulate a rule applicable to all cases. Each must be decided upon its own peculiar facts; and

this court will not reverse the decision of the lower court except when it appears palpably without excuse. Such is this case. The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.