## ROSEBUD LUMBER CO. v. SERR.

A complaint which alleges that plaintiff is a domestic corporation; that defendant is indebted to it in a specified sum for goods sold and delivered; that between designated dates it sold and delivered to defendant at his special request building materials, an itemized account of which is attached as an exhibit and made a part of the complaint; and that there is due on the account the amount specified—states a cause of action.

An application to set aside a default judgment on the ground of inadvertence, excusable neglect, or mistake, within Rev. Code Civ. Proc. § 151, is addressed to the sound judicial discretion of the court, and the exercise of the discretion will not be reviewed on appeal, except

where there has been a clear abuse thereof, and a much stronger case must ·be made as to the abuse of such discretion where a court has granted a motion than where the motion has been denied.

On an application to set aside a default judgment on the ground of excusable neglect or mistake, within Rev. Code Civ. Proc. § 151, it appeared that defendant was of foreign descent, and not familiar with the methods of commencing actions in the courts, and believed that all that was necessary for him to do was to secure counsel and appear at the next term of court, which was to convene on June 22d, and that he made efforts in the early part of June to secure an attorney, and, failing to do so, he secured the services of another in time for a special term, and that he did not know that he was in default until the record was examined by the attorney secured.    Held, that the court in setting aside the default did not abuse its discretion, the failure to secure the first attorney being an inadvertence or excusable neglect

(Opinion filed, October 20, 1908.)

Appeal from Circuit Court, Gregory County.    Hon. E. G. SMITH, Judge.

Action by the Rosebud Lumber Company against Peter Serr. From an order vacating a default judgment against defendant, plaintiff appeals.    Affirmed.

*W. J. Hooper,* for appellant.    *Charles A. Davis,* for respondent.

CORSON, J.    This is an appeal by the plaintiff from an order vacating and setting aside a judgment entered against the defendant, and granting him leave to file an answer in the action. It is disclosed by the record that the summons and complaint in this action were served upon the plaintiff on April 22, 1907, and, that no answer being served or filed therein by the defendant, judgment was entered against him on June 22, 1907.    It further appears from the record that on July 1, 1907, the defendant procured an order upon the plaintiff to show cause why the default judgment entered in the action should not be set aside, and the defendant permitted to plead therein.    This order to show cause was based upon an affidavit of Charles A. Davis, attorney for the defendant, and the main ground upon which the motion was made seems to have been that the complaint was insufficient to sustain the judgment. For various reasons set out in the record, this order to show cause was not taken up for hearing until on or about October 1, 1907, and that, after the argument of the case, the application was with-

drawn by leave of the court; that on November 12, 1907, another application was made to vacate the judgment and the time fixed for hearing was the 18th day of November, 1907. The latter order to show cause was made upon the following grounds: (1) That the complaint served and filed in said action fails to state facts sufficient in law to constitute a cause of action against the defendant; (2) that the defendant is entitled to relief from the judgment entered against him through his mistake, inadvertence, and excusable neglect. This order to show cause was based upon the affidavit of the defendant, Peter Serr, and his attorney, Charles A. Davis, and upon a verified proposed answer annexed thereto.

It appears from the affidavit of the defendant that he is of foreign birth, and has not had any experience with legal matters, and believed that all that was necessary for him to do was to secure counsel and appear at the next term of court, which he understood was to convene at Fairfax on the 25th day of June, 1907; that affiant on or about the 12th day of June, 1907, went to Bonesteel to consult with Mr. Hooper, an attorney at law; that he called at the office, but did not find him there, but did find one Alexander in charge of said office; that said Alexander advised affiant that said Hooper would not return to Bonesteel until the following Friday; that affiant telephoned to Mr. Alexander the following Saturday, and at that time Mr. Alexander informed affiant that said Hooper had not returned, but for affiant to send the summons and complaint to him, and that he would send them to said Hooper; that, when Mr. Alexander requested affiant over the telephone to send the summons and complaint to him, affiant knew that the court would soon convene, and he was afraid to wait any longer for Mr. Hooper; that affiant then employed Charles A. Davis, an attorney at law at Fairfax, who at once advised him to forward the summons and complaint to him; that affiant forwarded said summons and complaint by the next mail to said Davis; that he has fairly and fully stated the case to his said attorney, and was advised by him that he, the defendant, had a good, valid, and substantial defense upon the merits and the whole thereof. The statements made by the defendant in his affidavit as to the employment of Mr. Davis as his attorney and the time of such employment

is fully corroborated by Mr. Davis. Several affidavits were served and filed on the part of the plaintiff in resisting the defendant's motion, but they do not materially controvert the statements made by the defendant except as to the defendant's having long been a resident of this state, and, though of German descent, speaks and writes the English language. It is quite apparent from the affidavits in the case that the defendant took no steps to employ an attorney until about the time the plaintiff was entitled to a default judgment, to wit, on the 22d day of May, 1907; but, as we have seen from his affidavit, the defendant was of foreign descent, and not familiar with the methods of commencing actions in our courts, and had had no experience with legal proceedings, and believed that all that was necessary for him to do was to secure counsel and appear at the next term of the court, which was to convene on the 22d day of June, and it appears that, so believing, he made efforts in the early part of June to secure the services of Mr. Hooper as his attorney, and, failing to secure his services, he then secured the services of Mr. Davis in time for the special term. It further appears that he did not know that he was in default until the record was examined by Mr. Davis, and he was informed by him that the time for answering had expired.

It is contended by the attorney for the defendant (1) that the complaint did not state facts sufficient to constitute a cause of action; and (2) that, by reason of the defendant's ignorance of the methods of proceeding in our courts, his failure to answer in time constituted an inadvertence, excusable neglect, or mistake within the meaning of section 151 of our Revised Code of Civil Procedure, for which a court is authorized to vacate and set aside a judgment and permit the defendant to serve and file an answer upon such terms as it may deem just.

The complaint, omitting the title and exhibit annexed thereto, is as follows: "Comes now the plaintiff in the above-entitled case, and for cause of action against the defendant says: (1) That they are a corporation duly incorporated under the laws of the state of South Dakota. (2) That the defendant, Peter Serr, is indebted to them in the sum of $355.50 for goods sold and delivered. (3) That at Burke, Gregory county, S. D., between the 24th day of April,

1905, and the 1st day of December, 1905, inclusive, the plaintiff sold and delivered to the defendant at his special instance and request, goods, to wit, lumber and building materials, an account of which is hereto attached, marked 'Exhibit A,' and made a part of this complaint. (4) That there is now due on said account the sum of $313.30 thereon. Wherefore plaintiff demands judgment against the defendant in the sum of $355.50, together with costs and disbursements of this action." Annexed to the complaint is an itemized account showing a balance due plaintiff of $355.50. We are of the opinion that this complaint was sufficient, and comes clearly within the principle of the case of Corcoran v. Halloran, 20 S. D. 384, 107 N. W. 210. It will be noticed that it is alleged that the plaintiff is a corporation, that the defendant is indebted to it in the sum of $355 for goods sold and delivered, and that, by the third paragraph, it is alleged that between the 24th day of April, 1905, and the 1st day of December, inclusive, the plaintiff sold and delivered to the defendant at his special instance and request lumber and building materials, an itemized account of which is contained in the exhibit, and that there is due on said account the amount specified. Assuming the facts in the complaint to be true, a court could clearly see that the plaintiff would be entitled to a judgment for the amount claimed to be due.

The second ground for vacating and setting aside the judgment is addressed to the sound judicial discretion of the trial court, and the exercise of that discretion will not be reviewed by this court, except in cases where there has been a clear abuse of such discretion, and a much stronger case must be made as to the abuse of such discretion where a court has granted the motion than in a case where the motion has been denied. Bigler, Executor, v. Baker, 40 Neb. 325, 58 N. W. 1026, 24 L. R. A. 255; Griswold Linseed Oil Co. v. Lee, 1 S. D. 531, 47 N. W. 955, 36 Am. St. Rep. 761; Searles v. Christenson, 5 S. D. 658, 60 N. W. 29; Montijo v. Robt. Sherer Co., 6 Cal. App. 736, 91 Pac. 261. The rule applicable to this class of cases was after a full consideration stated in Griswold Linseed Oil Co. v. Lee, supra: "The provisions of section 4939, Comp. Laws, conferring upon courts the power to 'relieve a party from a judgment taken against him through his mistake, in-

advertence, surprise, or excusable neglect,' are liberal in their terms, remedial in their character, and were designed to afford parties a simple, speedy, and efficient relief in a most worthy class of cases, and this power should be exercised by courts in the same liberal spirit in which they were designed, in furtherance of justice, and in order that cases may be tried and disposed of upon their merits." In the case at bar the defendant seems to have acted quite promptly in making his motion after learning that a default judgment had been entered against him, and, though there was some delay in the hearing of that motion, it does not appear to have been caused by any fault of the defendant. Apparently upon the suggestion of the court that motion was withdrawn, and a new motion made upon an additional ground. While the showing in this case on the part of the defendant was not very strong, yet, the trial court having exercised its discretion and granted the motion, we cannot say that there was any abuse of its discretion, in fact, we are inclined to take the view that under the circumstances of the case and the showing made by the defendant the granting to him of relief was but a fair and reasonable exercise of the court's discretion.

The contention of the appellant that the mistake of the defendant was one of law, if true, would not preclude the defendant from the relief which has been granted him by the court, as the efforts of the defendant to obtain an attorney in the case and the failure to secure the services of Mr. Hooper in time constituted an inadvertence or excusable neglect. We do not deem it necessary to review the authorities cited by the learned counsel for the appellant, as courts at the present day are more liberal in granting relief in cases of mistake, inadvertence, surprise, or excusable neglect under the provisions of our Code than under the former system of practice. It will be noticed that in the case at bar the appellant's rights were fully protected by allowing the judgment to stand as security, and the costs incurred by the plaintiff were also imposed upon the defendant.

The order of the circuit court is affirmed.

FULLER, J., taking no part in this decision.