KINKEAD, Appellant, v. MORIARTY et al., Respondents.

(136 N. W. 101.)

1. **Opening Default Judgment—Abuse of Discretion.**

This court will not reverse an order opening a default judgment, unless there was a very clear abuse of discretion by trial court.

2. **Default—Opening — Excusable Neglect — Discretion, When Exercisable.**

While a liberal construction should be placed on Sec. 151, Code Civ. Proc., in opening a default judgment for excusable neglect, there must be some showing that neglect was excusable Trial court's action will not be disturbed unless there is plainly abuse of discretion. In a plain case this discretion has no office to perform; its exercise is limited to doubtful cases, where an impartial mind hesitates.

3. **Appeal and Error—Statement of Facts—Conclusiveness.**

Where respondent, who is in default in this court, does not controvert appellant's statement of facts, this court will take such statement as a verity and determine the appeal accordingly.

4. **Judgment—Opening Default—Non-excusable Neglect—Default.**

Where after summons and complaint served, a defendant directed his co-defendant to defend, paying no further attention thereto until he moved to open a default taken after an extension of time to answer had expired, the co-defendant having, soon after service, employed an attorney to attend to the case

until she sould see her regular attorney (who was not at his office when she had called on him), the employed attorney having procured a 30 day extension for answering, and after this time had expired plaintiff's attorney reminded the acting attorney that no answer was filed; the latter stating that defendants had taken the papers from him and that his firm did not expect to defend, and that he had advised defendant who took the papers away that time to answer would soon expire and she would better attend to it at once or have her regular attorney see plaintiff's attorney at once; and where her regular attorney went to courthouse the day after he was finally retained, and notified defendant that default judgment had been taken; no appearance having been served or filed; **held,** that there was no excuse for defendants' neglect in not retaining the regular attorney before they did and immediately after taking the papers from the other attorney; there was no fact on which to base excusable neglect.

(Opinion filed May 7, 1912.)

Appeal from Circuit Court, Beadle County. Hon. ALVA E. TAYLOR, Judge.

Action by A. L. Kinkead against Edward Moriarty and another. From an order relieving defendants from a default judgment, plaintiff appeals. Reversed.

*O. S. Hagen,* for Appellant.

A party seeking relief against a judgment on the ground of his excusable negligence, must clear himself of the imputation of want of due diligence; he can not have relief if the taking of the judgment appears to have been due to his own carelessness, slothfulness or indifference to his own rights. 23 Cyc. 937, and authorities cited; Shay v. Clock Co., 44 Pac. 237 (Cal.); Victor P. & Mining Co. v. Cole, 105 Pac. 758; Edwards v. Helling, 37 Pac. 218; Shearman v. Jorgensen, 39 Pac. 863, (Cal.); Pagat v. Evans, 51 S. W. R. 513 (Texas); Moody v. Rechow, 80 Pac. 461 (Wash.); McMuran v. Meek, 49 N. W. R. 983 (Minn.); Minnehaha Nat. Bank v. Hurley, 82 N. W. R. 87 (S. D.)

The affidavit upon which the motion is based are insufficient when they fail to set out substantial grounds; and where they furnish no excuse, and assign no reason for not answering within the time provided, the application should be denied, and it would be an abuse of discretion to grant relief in such a case. In order

to justify the court in vacating a judgment and the setting aside of a default, the party claiming to be thus aggrieved must show reasonable excuse for his default. Stickney v. Jordan, 52 N. W. R. 861 (Minn.); Peoples Ice Co. v. Schlenker, 52 N. W. R. 219; Reiley v. Ruddick, 41 Cal. 312; Bailey v. Taaffe, 29 Cal. 422.

To make a case of excusable neglect, the reasons for the delay should be set forth fully, in order that the court may pass upon their sufficiency, and where no sufficient reason is alleged, the court is without power to vacate the judgment. Heine v. Treadwell, 13 Pac. 503; John T. Noye Mfg. Co. v. Wheaton Roller Mills, 61 N. W. R. 910; Bazal v. St. Stanislaus Church, 132 N. W. R. 212.

No appearance for Respondent.

WHITING, J. This cause is before us upon an appeal from an order of the trial court, relieving the defendants from a judgment upon default and allowing them to answer herein. The order was made under the provisions of section 151 of the Code of Civil Procedure, which provides: "The court may likewise, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited by this Code, or, by an order, enlarge such time; and may also, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, suprise, or excusable neglect, and may supply an omission in any preceeding. * * *" Appellant contends that the trial court abused its discretion, there being no proof that defendant's conceded neglect was excusable; defendants' proposed answers, being a part of the showing upon which the order was based, not stating good defenses to the plaintiff's complaint, and the court not having imposed any terms upon said defendants, although the facts proven required, in justice to plaintiff, that such terms be imposed.

[1, 2] Under the view which we take, it will only be necessary to consider the question of excusable neglect. This court has frequently held that it will not reverse the ruling of the trial court,

when such court has opened a default and allowed answer, unless there appears to have been a very clear abuse of the discretion vested in such court (Corson v. Smith, 22 S. D. 501, 118 N. W. 705, and cases cited therein) ; and this court has also frequently held that the trial court should be liberal in granting relief under said section 151. See cases cited in Judd v. Patton, 13 S. D. 649, 84 N. W. 199. Upon the other hand, there must be something showing that the neglect was excusable in order for there to be anything upon which the trial court may exercise its discretionary power. State v. Casey, 9 S. D. 436, 69 N. W. 585. As was said by the Supreme Court of California in the case of Bailey v. Taaffe, 29 Cal. 423: "It is true, as claimed by the learned counsel for the respondents, that orders like the present, in legal parlance, rest very much in the discretion of the court below, and will not be disturbed by the court unless we are satisfied that the order is so plainly erroneous as to amount to an abuse of discretion. Roland v. Keyenhagne, 18 Cal. 455; Haight v. Green, 19 Cal. 113; Mulholland v. Heyneman, 19 Cal. 605; Barrett v. Graham, 19 Cal. 632; Woodward v. Bacus, 20 Cal. 137; People v. O'Connell, 23 Cal. 281; Howe v. Independence Consolidated G. and S. M. Co., 29 Cal. 72. The discretion intended, however, is not a capricious or arbitrary discretion, to be exercised ex pratia, but a legal discretion, to be exercised in conformity with the spirit of the law, and in a manner to subserve and not to impede or defeat the ends of substantial justice. In a plain case this discretion has no office to perform, and its exercise is limited to doubtful cases, where an impartial mind hesitates. If it be doubted whether the excuse offered is sufficient or not, or whether the defense set up is with or without merit in foro legis, when examined under those rules of law by which judges are guided to a conclusion, the judgment of the court below will not be disturbed. If, on the contrary, we are satisfied beyond a reasonable doubt that the court below has come to an erroneous conclusion, the party complaining of the error is as much entitled to a reversal in a case like the present as in any other."

[3] Appellant in his brief has made a statement of the facts proven in the trial court. This statement has not been challenged

by respondents, who are in default in this court, not having filed any brief or statement. We are therefore bound to take appellant's statement of facts to be a verity and to determine this appeal in accordance therewith.

[4] The summons and complaint were served upon the defendants on February 18, 1911, and defendant Edward Moriarty directed his codefendant to attend to the defense of the action. He apparently paid no further attention to the matter until he made his affidavit upon motion to open default, which affidavit was made June 10, 1911. Soon after service of summons, Mrs. Moriarty visited the office of Mr. Lynch, who was her regular attorney. He was not in the city, and she retained another attorney, one C. A. Kelly, who said he would attend to all that was necessary until she could see her regular attorney. Kelly procured a 30-day extension of the time for answering the complaint. After the expiration of this time and before taking judgment, the attorney for appellant called Kelly's attention to the fact that there had been no answer served, and Kelly advised him "that they [meaning undoubtedly his firm of attorneys] had nothing further to do with the case, that the defendants had taken the papers away, and that they did not expect to file any answer." When Mrs. Moriarty procured the summons and complaint from Kelly, he advised her that the time to answer would soon be up and that she had better attend to it at once, or have Mr. Lynch see Mr. Hagen (plaintiff's attorney) about it at once. No appearance was ever filed or served, and it does not appear just when Lynch was retained, except that Mrs. Moriarty states that Lynch, upon the day after he was retained, visited the courthouse, and notified her that a judgment upon default had been taken. Soon after the taking of the judgment, which was taken on April 24, 1911, Lynch and Hagen conversed about such judgment. It will be seen from the above that there is nothing to show that the attorney for plaintiff knew that defendants had any other attorney than Kelly until after judgment taken; that plaintiff granted defendants 30 days' extra time; that even then plaintiff did not take judgment until after advising the only attorney whom he knew of as representing defendants that defendants were in default, and

was advised that they did not expect to answer. It further appears that, before defendants were in default, the one having charge of this matter called upon Kelly and took from him the papers with the evident purpose of placing them with Lynch; that she was advised of the necessity of prompt action as the time for answer was nearly up; that she did not retain Lynch more than a day prior to the entry of judgment, and possibly not until some time after such entry. The papers must have been procured from Kelly prior to April 19th, and Lynch was not retained before April 23d. There is absolutely no showing of any excuse upon part of defendants for their neglect in not retaining Lynch long before they did, as it clearly appears he was at Huron almost all of the time after the action was brought; and above all there is absolutely no showing, in the light of what Kelly had advised, of any excuse for not immediately retaining Lynch upon taking the papers from Kelly. In other words, there was not one single fact shown to the trial court upon which it could predicate a finding of excusable neglect on the part of defendants, and therefore nothing to call into exercise the legal discretion vested in such court.

The order appealed from is reversed.