HALLAM, Respondent, v. HENKIN et al., Appellants.

(141 N. W. 784.)

1. **Pleadings—Reply to Counterclaim—Allowance After Time—Discretion.**

Code Civ. Proc., Sec. 131, providing that defendant may move for judgment on a counterclaim if plaintiff fails to reply within the prescribed time, must be construed in connection with Sec. 151, authorizing the court, in discretion, to allow a reply after statutory time has expired; and held, that, so construed, the right to judgment on counterclaim is not absolute; leave may be granted to plaintiff, on application, to reply.

2. **Reply After Time—Judicial Discretion.**

The granting or refusal of leave to plead after statutory time rests largely in trial court's discretion, and its decision will be disturbed only in case of clear abuse of discretion.

3. **Counterclaim.**

An answer setting up a cause of action against plaintiff, and alleging a specified indebtedness, but only prays for dismissal of action and for costs, is not a counterclaim, because it fails to pray for an affirmative judgment; and no reply is necessary; nor is defendant entitled to affirmative relief asked for the first time on application for judgment for want of reply.

4. **Counterclaim—Mutuality of Demands.**

Under Code Civ. Proc., Sec. 127, two defendants may not set up as a counterclaim a claim in favor of one of them and a third person against plaintiff.

Gates, J., not sitting.

(Opinion filed May 24, 1913. Rehearing denied July 11, 1913.)

Appeal from Circuit Court, Union County. Hon. JOSEPH W. JONES, Judge.

Action by Alfred Hallam against Henry Henkin and another, to recover on a promissory note and to foreclose a mortgage securing same. From an order refusing to enter judgment for defendants on an alleged counterclaim and granting to plaintiff leave to reply, defendants appeal. Affirmed.

*W. E. Gantt,* and *R. W. Ellis,* for Appellants.

Defendants are entitled to judgment on their counterclaim. Sections 131 and 237, of the Code of Civil Procedure.

Under this provision of the statute, it is apparent that the only prerequisite to taking judgment is the giving of a proper notice, which was done in this case. The answer was sworn to, and the other requirements of the statute were complied with. Under this statute it was mandatory on the court to enter judgment. Searles v. Lawrence, 8 S. D. 11; Kichner v. Shepard, (N. D.) 63 N. W. 892.

The clear weight of the evidence shows that the plaintiff's default in failing to reply to the counterclaim arises from his own negligence and carelessness. Root v. Sweeney, 17 S. D. 182, 95 N. W. 916.

There must be something showing that the neglect was excusable in order for there to be anything upon which the trial court may exercise its discretionary power. Kinkaid v. Moriarity, 136 N. W. 101; State v. Casey, 9 S. D. 436, 69 N. W. 585; Bazal v. St. Stanislaus Church, (N. D.) 132 N. W. 212.

*J. W. Hallam, Charles Stickney,* and *French & Orvis,* for Respondent.

The alleged counterclaim is not a proper counterclaim, it contains no proper prayer for judgment. State v. Coughran, 19 S. D. 271; Sec. 127, Code Civ. Proc.

Nor does it attempt to plead a cause of action in favor of the defendants Henry Henkin and Jennie Henkin, or either of them alone, against the plaintiff Alfred Hallam, but only in favor of the defendant Henry Henkin, and Ona J. Henkin against Alfred Hallam; and Ona J. Henkin is not a defendant in nor a party to, this action.

Plaintiff showed a valid excuse for failure to reply. Sec. 151, Code Civ. Proc.; G. S. Congdon Hardware Co. v. Consolidated Apex Mining Co., 11 S. D. 376.

POLLEY, J.   This action was commenced by the plaintiff, Alfred Hallam, against Henry Henkin and Jennie Henkin, for the purpose of recovering on a promissory note for $10,000 and the foreclosure of a mortgage given for the security thereof.   The summons and complaint were served on the 19th day of December, 1911.   On February 29, 1912, defendants served their answer, in which they admitted the execution of the note and mortgage, but pleaded certain matters in avoidance thereof, and also pleaded certain matters which they claimed constituted a counterclaim against the plaintiff for the sum of $7,834.66.   No reply having been served by the plaintiff, the defendants, on the 4th of April, 1912, gave notice of application for judgment under the provisions of section 131, Code Civ. Proc.   Thereafter and before defendants' motion was heard by the court, plaintiff gave notice of application for leave to serve and file a reply to the defendants' so-called counterclaim.   Both applications were brought on for hearing before the court together, and, on the hearing, the court refused to enter judgment for the defendants upon their alleged counterclaim and granted leave to plaintiff to reply thereto.   The defendant assigned these rulings as error, and prosecuted this appeal from the court's order.

[1]   Appellants, in their argument in this court, contend that, under the provisions of section 131, Code Civ. Proc., their right to a judgment for the amount claimed in their alleged counterclaim became absolute upon the failure of plaintiff to serve a reply within the time allowed by law.   They also contend that plaintiff should not have been allowed to serve and file a reply, for the reason that he failed to show a meritorious defense to defendants' counterclaim, and that plaintiff failed to excuse his failure to answer the said counterclaim within the time specified by statute.   While the terms of section 131 appear to entitle the defendants to a judgment upon their counterclaim, on plaintiff's failure to reply thereto, as a matter of right, this section must be read in connection with section 151, Code Civ. Proc., which authorizes the court in the exercise of its discretion, and upon such terms as may be just, to allow a reply to be made after the statutory time has expired. Plaintiff's application for leave to serve a reply was supported by certain affidavits made for the purpose of excusing his delay, and

these were considered by the trial court as being sufficient for that purpose.

[2]   The granting, or refusing to grant, leave to ·file a pleading after the expiration of the statutory time therefor, is a matter that is vested largely within the discretion of the trial court, and it is only upon a clear abuse of this discretion that this court will reverse such an order.   The showing made by the plaintiff upon this occasion is before us, and, after a careful consideration, we fail to find anything that would warrant us in disturbing the ruling made by the trial court.   The questions involved herein were before this court in the recent case of Kinkead v. Moriarty et al., 136 N. W. 101, where the discretionary powers of the trial court were reviewed at length, and it is unnecessary to further consider the matter here.

[3]   It is contended by the respondent in this case that the matter pleaded in the defendants' answer did not constitute a counterclaim, under the provisions of our statute as construed by this court.   Defendants, in their answer, alleged that at the time of the execution of certain agreements designated as "Exhibits 1 and 2, the plaintiff, Alfred Hallam, was indebted to the defendants, Henry Henkin and Ona J. Henkin, in the sum of $7,834.66, ·for goods, wares, and · merchandise sold and delivered by the said Henry Henkin and Ona J. Henkin to the said Alfred Hallam. * * * " And the further allegation contained in paragraph 6 of their answer, which reads as follows: "The defendants herein, further answering said complaint, for a further defense or counterclaim, allege that, at the times of the execution of the said agreements, Exhibits 1 and 2, the plaintiff, Alfred Hallam, was indebted to the defendants, Henry Henkin and Ona J. Henkin in the sum of $7,834.66, for goods, wares, and merchandise sold and delivered by the said Alfred Hallam, between October 12, 1907, and December 10, 1910, and for moneys paid out by them for the use and benefit of, and at the request of, the said Alfred Hallam, and interest on the same; that the above $7,834.66 has not been paid, nor caused to be paid, by the said Alfred Hallam to the defendants, Henry Henkin and Ona J. Henkin.   Defendants herein reiterate and allege all the allegations in the foregoing answer. Wherefore defendants demand judgment dismissing the said complaint upon

its merits, and for their costs and disbursements herein." No other matter tending to constitute a counterclaim was pleaded, nor did the answer contain any prayer for judgment or for affirmative relief, other than as above set out. In the case of State v. Coughran, 19 S. D. 271, 103 N. W. 31, this court adopted a rule for pleading a counterclaim in the following language: "Commencing with the publication of this opinion, no averments in a pleading will be treated as constituting a counterclaim unless they are so designated in the answer, and it contains a proper prayer for judgment. This establishes a rule, easily followed, and which, we trust, will prevent any misunderstanding in the future between counsel and defendant as to whether a pleading does or does not constitute a counterclaim." Tested by this rule, defendants' answer fails to plead a "counterclaim," for it does not contain a prayer for an affirmative judgment, nor any relief other than a demand for judgment, "dismissing the said complaint upon its merits," and for costs.

[4]   Under this rule, the defendants were not entitled to the affirmative relief asked for for the first time on their application for judgment; and no reply was necessary on behalf of the plaintiff, unless required by the court. Moreover, this action is against Henry Henkin and Jennie Henkin, whereas it appears on the face of the answer that the claim attempted to be set up as a counterclaim is one in favor of Henry Henkin and Ona J. Henkin. Therefore it could not be the subject of a counterclaim in this action, no matter how it were pleaded. Code Civ. Proc. § 127.

The order appealed from is affirmed.

GATES, J., not sitting.