COWIE, Appellant, v. HARKER et al., Respondents.

(143 N. W. 895.)

1.  **Appeal—Appeal from Order—Dismissal of Appeal—Notice of Order.**

    Under Code Civ. Proc., Sec. 442, providing that an appeal to Supreme Court must be taken within 60 days after written notice of the order appealed from has been given to party appealing, and Sec. 317, declaring that an order becomes com-

plete and effective as such when made in writing, signed by the court or judge, attested by clerk, and filed in his office, held, that the word "notice" in Sec. 442 is not synonymous with "knowledge," and that service of the order without further service of actual written notice thereof is insufficient to start the running of time to appeal.

2.    Judgment—Default—Notice of Judgment—Tenant—Evidence.

Where, after judgment had been rendered against defendant by default, barring his interest in land leased to a tenant, the latter was notified by letter that plaintiffs owned the land, and asked if he desired to rent it from the new owners, his reply that he did not understand the letter, and that he expected to hear "from the other party" in a few days, was insufficient to show that he had notified defendant of the judgment. Held, further, that the letter to the tenant did not amount to notice of the judgment to him, as tenant, nor was the letter from the tenant in response, sufficiently clear and certain to show notice of the judgment.

3.    Default—Motion to Vacate—Affidavits—Information and Belief—Hearsay.

Affidavits in resistance of a motion to vacate a default judgment, reciting the facts on information and belief, but failing to state sources of affiant's information and grounds of belief, so as to meet the objection that it was hearsay, were not sufficient.

4.    Lis Pendens—Effect as Notice of Default Judgment to Defendant.

The filing of a lis pendens, pursuant to Laws 1905, Ch. 81, in an action to determine adverse claims to realty, does not impart constructive notice of a default judgment therein, to defendant; such is not the function nor purpose of a lis pendens.

5.    Judgment—Default—Jurisdiction to Vacate—Time.

Judgment having been entered against defendants by default, in an action to determine adverse claims to realty, no steps were taken by the defendants to vacate it for nearly two years, though admittedly they knew of the judgment some six months before moving to vacate it. Held, there being nothing to show the parties were in any different situation thereafter than when defendant first knew of the judgment, the court had jurisdiction to grant defendants relief, whether the application was regarded as having been made under Code Civ. Proc., Sec. 151, authorizing discretionary action by court within a year after notice of judgment, or under Laws 1905, Ch. 81, Sec. 9, authorizing court relief to defendant within two years after judgment entry.

6. Judgment — Default — Vacation — Mistake—Excusable Neglect—
   Closely Conflicting Affidavits—Abuse of Discretion.
   Where the affidavits involving a motion to vacate a default
   judgment present so close a question of fact that trial court
   might with equal propriety have denied the application, and,
   had it done so, the Supreme Court would incline to affirmance
   of such ruling, yet, in view of the established rule under the
   decisions of that Court, that only in case of abuse of discretion
   will its exercise be reviewed, and that a much stronger case
   of such abuse must be made where trial court has granted,
   than where it has denied the application, and of the fact that
   by the court's order here involved the opening of the default
   was made without prejudice to purchasers of the land in good
   faith, the order appealed from, vacating the judgment, is
   affirmed.

(Opinion filed November 18, 1913.)

Appeal from Circuit Court, Charles Mix County. Hon.
ROBERT B. TRIPP, Judge.

Action by A. E. Cowie against Emma W. Harker and an-
other, as executors of Joseph Harker, deceased, to determine ad-
verse claims to realty. From an order vacating defendants' de-
fault and permitting them to answer, plaintiff appeals. Affirmed.

*French & Orvis,* and *Walker & Gurley,* for Appellant.

Defendant's application to open up the default is untimely and
too late, for the reasons (a) that the record shows that more than
one year had elapsed from the time defendant had notice of the
judgment entered in this cause until he moved to vacate his de-
fault, and, (b) that defendant was guilty of unexcusable delay in
moving to set aside his default as to amount to such laches as
would preclude him from obtaining the relief sought.

Defendant's rights, if any, to have his default vacated and
set aside in this action must be found under section 151 of the
Code of Civil Procedure.

The words used in that section are "notice thereof;" it is not
specified that actual notice is necessary, and the notice herein
referred to may, therefore, be either actual or constructive as de-
fined in the Code. Secs. 2449, 2450, 2451, 2452, Code Civ. Proc.

The facts as disclosed by the record in this cause show that
the defendant, Harker, had notice, within the meaning of the
statute, more than one year prior to the time he first made ap-
plication to vacate his default.

Section 7, chapter 81, Laws 1905, makes the filing of the lis pendens notice to "all persons," not merely prospective purchasers and incumbrancers. This act changes and enlarges the effect of lis pendens, so far as actions to quiet title are concerned, over the scope and effect given it by section 108, Civil Proc., for by that section it was notice to "purchasers or incumbrancers" while under Laws 1905 it is notice to "all persons," necessarily including parties to the action as well as purchasers and incumbrancers.

Defendant also had notice, from the personal service of the summons upon him, on the 27th day of September, 1909, that an action had been commenced, and that in the ordinary course of judicial procedure, a judgment against him would be duly entered therein. This is certainly actual notice of facts and circumstances sufficient to put a prudent man upon inquiry as to whether or not such judgment was afterwards obtained, and, as an examination of the records in the office of the register of deeds or clerk would have disclosed such fact, Harker must be taken to have constructive notice thereof. Sec. 2452, Civil Code; Webber v. Tschetter, 1 S. D. 214; Hoffman v. Freemuth, (Minn.) 111 N. W. 732.

Counter affidavits showed due service of summons and notice by letters.

The record in this case shows conclusively that the defendant, Harker, not only had implied or constructive notice of the judgment, but also had actual notice thereof, more than one year prior to the time he made application to vacate the default.

The record shows, undisputedly, that the defendant, Harker, was guilty of such laches in moving to open up the case and vacate his default as to preclude him from the relief sought. 23 Cyc. 909-910.

Such a delay as this is not "diligence" but such dilatoriness as amounts to laches. Bickel v. Kraus, (Ky.) 39 S. W. 414; Hill v. Beatty, 61 Cal. 292; St. Paul Land Co. v. Dayton, 39 Minn. 315; Carr v. Dawes, 46 Mo. App. 351; Ellis v. Bonner, (Tex.) 27 S. W. 687; McAndrews v. Security Bank, (S. D.) 127 N. W. 536.

There is no showing of such mistake or excusable neglect on defendant's part as to justify the court, in the exercise of a rea-

sonable discretion, to set aside defendant's default and permit him to appear and answer. State v. Casey, 9 S. D. 436; Compiled Laws 4939; Pettigrew v. City of Sioux Falls, 60 N. W. 27.

The rule is laid down in Cyc. Vol. 23, page 933: "A person served with a summons must make sure that he understands what it is by reading it or having it read to him: he cannot have the default set aside on the grounds that he mistook it for a subponea or for a notice in another suit." Lowe v. Hamilton, (Ind.) 31 N. E. 1117.

The court has expressly found that the summons was served as certified to by sheriff, of service. Matcnette v. Leibig, 20 S. D. 169.

In Reply.

Written notice of the order appealed from was never served upon appellant's counsel, and therefore the sixty day limitation never commenced. Martin v. Smith, (S. D.) 78 N. W. 1001; Sec. 442, Civil Proc; Sec. 317, Civil Proc.

If the sixty days' limitation commenced running at any time, it was on the 29th day of January, 1912, for on that date the "notice" was given to appellant's attorney, and it is not claimed that any other "notice" was ever given to them.

But it could not have commenced running on that date, for no order was made and entered until the 14th day of March, 1912.

Where the order must be entered before an appeal can be taken, a notice given before the entry of the order is ineffectual to limit the time for appealing. Cyc. Vol. 2, p. 779: Turpin v. His Creditors, 9 Mart. (La.) 517; Matter of New York Cent. Ry., 60 N. Y. 112; Leavy v. Roberts, 8 Abb. Pr. 310; Chap. 166, Session Laws, 1901.

No notice of this order was ever served upon appellant or his counsel, and without written notice of the order the time to appeal continues without limitation. Fry v. Bennett, 16 How. (N. Y.) 402; Affirmed in Fry v. Bennett, 26 How. (N. Y.) 599.

Under the law of this state as it has existed since the act of February 23, 1901, three things are requisite to make a complete and effective order: (1) It must be in writing, signed by the court or judge; (2) attested by the clerk, and, (3) filed in the clerk's office.

*J. L. Hannett,* for Respondent.

This appeal should be dismissed.    Sec. 442, Code of Civ. Proc.

Appellant was given written notice of the order. on the 29th day of January, 1912.

This appeal was not taken until more than a year had elapsed after the party appealing was served with written notice of said order.

The statute does not provide that written notice shall be given of the entry of the order.    Brooks et al., v. Bigelow, 9 S. D. 179.

A copy of the order appealed from was served upon the attorneys for appellant; this is a sufficient written notice of the order under the provisions of section 442.

The defendant Joseph Harker did not have notice of the entry of this default judgment until the 1st day of May, 1911, and application to open said default was made on or about the 12th day of October, 1911, and within the year after he had notice of the entry of judgment.    Sec. 151, Code Civil Procedure.

"Notice" in this statute means "actual knowledge of the judgment."    Bloor v. Smith, 87 N. W. 870; Feldon v. Milner, 109 Pac. 1092; Brashears v. Breashears, 110 S. W. 303; Knox v. Clifford, 41 Wis. 458; Mfg. Co. v. Holtz, 84 N. W. 581; Wecland v. Shillock, 23 Minn. 227.

The filing of lis pendens, as provided by section 7, chapter 81, Laws of 1905, should not be construed so as to give notice to the defendant Harker of the pending of the action.

Such is not the purpose of this section of the law, its purpose is to give notice to all persons who after the filing of the lis pendens acquires any interest in, or lien upon the land described in said notice.

This court is justified in holding that the lower court found as a fact, upon conflicting evidence, that this defendant never saw the summons in this action, and that the reason why he did not was because he was misled by the statements of the deputy sheriff.    Webster v. Tschetter, 1 S. D. 205.

Harker was not only in ignorance of this Cowie v. Harker suit, but was thrown off his guard by the statement made by the sheriff in the Bystrom v. Harker case, from which· statement

Harker naturally drew the inference that the Bystrom papers were the only ones served.

The tenant of Harker did not have written notice of said judgment.

The trial court was fully justified under the facts of this case, in making this order. Searles v. Christensen, 5 S. D 650; Griswold L. O. Co. v. Lee, 1 S. D. 531; Rosebud Land Co. v. Serr, 22 S. D. 389; Parszyk v. Mach, 10 S. D. 555; Mach. v. Blanchard, 15 S. D. 432; Jay v. Stockwell, 25 S. D. 142.

The trial court did not abuse its discretion in making this order. Merchants Nat. Bank v. Stebbins, 10 S. D. 469; Minnehaha Nat. Bank v. Hurley, 13 S. D. 21.

GATES, J. This is an appeal from an order vacating a default and permitting defendant to answer. The order continued the judgment as security and muniment of title and provided that it "shall in no way whatever affect the rights of persons who may have acted upon the faith of the judgment herein, though they may in law be plaintiff's successors in interest." Prior to considering the merits, we must dispose of respondent's motion to dismiss the appeal.

[1] The order was signed January 29, 1912, and was served on plaintiff's attorneys on that date but was not filed in the office of the clerk of the court until March 14, 1912. The appeal was not perfected until February 12, 1913. Unless service of the order constituted "written notice of the order," the appeal was taken in time, because no formal notice of the order was served. Section 442, C. C. P., provides that "the appeal to the Supreme Court must be taken within sixty days after written notice of the order shall have been given to the party appealing." Section 317, C. C. P., provides: "An order becomes complete and effective as such when made in writing, signed by the court or judge, attested by the clerk and filed in his office." It is argued by respondent that the word "notice" in this connection should be interpreted to mean "knowledge," and the case of Brooks v. Bigelow, 9 S. D. 179, 68 N. W. 286, is relied upon. That case was decided prior to the adoption, in its present form, of section 317, C. C. P. We are of the opinion that by the decision in First National Bank v. McCarthy, 13 S. D. 356, 83 N. W. 423, this court is committed to the doctrine that service of the order is insufficient and that an

actual notice of the order must be served in order to start the running of the time within which the appeal may be taken. The motion to dismiss is therefore denied.

Appellant attacks the order vacating the default because defendant's application was not timely and because there was no sufficient showing of mistake or excusable neglect to justify the making of the order. It appears that judgment was entered on December 7, 1909, and that no steps were taken by the then defendant, Joseph Harker, to vacate the judgment until October 12, 1911. It apears from Harker'c affidavit that he never heard or knew that judgment had been obtained until May 1, 1911; that at said time he was at his home in Los Angeles, Cal.; and that he did not return to South Dakota until September 18, 1911.

[2] On the other hand, it appears from the return of the officer that the summons was personally served upon the defendant Harker at Mitchell, S. D., September 27, 1909, and there is evidence tending to show that Bergakker, the tenant under Harker of the land in controversy, was notified as early as February 1, 1910, that Vanaas & Mather then owned the land and was asked if he wanted to rent it. Bergakker replied in writing under date of February 3, 1910, saying that he did not understand the letter to him; that he had already rented the place, and among other things saying, "I expect to hear from the other party in a few days." It is argued by appellant that the words "other party" must refer to Harker and that this letter is subject to the interpretation that, upon receiving word that Vanaas & Mather owned the land, Bergakker notified Harker thereof.

We think the quoted words from that letter are too vague and uncertain to warrant the interpretation that Bergakker ever conveyed any information to Harker which would tend to show notice of the judgment; nor can the letter to Bergakker be properly construed as a notice of the judgment to him, as tenart of Harker.

[3] There also further appears in the affidavit of one of the attorneys for appellant the following: "Affiant further states upon his information and belief that, immediately after receiving said letter above quoted, the said J. Bergakker reported its contents to the defendant Joseph Harker and as affiant is informed and verily believes the said Bergakker informed the defendant Joseph

Harker at Mitchell, S. D., during Corn Palace Week in the fall of 1910, that there were adverse claimants to said land who claimed said Harker had no further title, interest, or estate in said land and premises." This affidavit upon information and belief is not entitled to be considered for the reason that the sources of information and grounds of belief are not set out. Miller v. Munson, 34 Wis. 579, 17 Am. Rep. 461; 2 Cyc. 8, 25, note 33. Even when so set out the source of information must be such that the affidavit would not then be open to the objection that it was hearsay. We do not think that we would be warranted by the record in holding that the application was not made within sufficient time after notice of the judgment.

[4] Even conceding, for the purposes of this decision, that this action was brought under the provisions of chapter 81, Laws 1905, we cannot agree with counsel when he contends that the filing of the notice of lis pendens imparted constructive notice of the judgment to Harker; such is not the function nor purpose of a notice of lis pendens.

[5] While Harker by his own showing, delayed his application from May, 1911, until October of the same year, the record does not disclose any facts that placed the parties in any different situation in October from what they were in May, and whether we consider section 151, C. C. P., as applying thereto, which authorizes the court to exercise its discretion in such matters at any time within one year after notice of judgment, or consider section 9 of chapter 81, Laws 1905, as applying, which last section allows the court to relieve a defendant at any time within two years after entry of judgment, the trial court was vested with the jurisdiction to grant the relief.

[6] The second ground of appellant's objection to the making of the order, to-wit: that there was not sufficient showing of mistake or excusable neglect to justify the order, has given us much concern. It appears from the affidavit of Harker that on September 27, 1909, the date on which the summons and complaint in this case were served upon him as claimed by the officer, that the officer served a summons and complaint upon him in the case of Bystrom & Bystrom against him and another defendant; that the officer informed him that the Bystrom action was brought to correct an apparent defect of title; that Harker examined the papers and

ascertained that the statements made by the officer were correct and so informed the officer that it was all right; that he would pay no attention to the action. Harker further alleges in his affidavit that the summons and complaint in this case were not served upon him, and nothing was stated to him by the officer about the present case, and that, if the summons and complaint in the present case were at said time served upon him, they must have been so inclosed in the papers in the Bystrom Case that he did not see the same and that they were not called to his attention, and that he did not give the Bystrom papers a careful examination, as he was satisfied that he had no interest in the premises in that case. Harker's affidavit is corroborated by that of his son. The officer making the service made affidavit that he first served the papers in the Bystrom Case, and the statements of Harker in relation thereto are substanntially corroborated. He then states that he thereupon served the papers in the present case and said to Harker, "Here are some papers in an action in which A. E. Cowie is plaintiff;" and Harker said, "What is that about?" and that he replied, "I don't know exactly, but something of a similar nature, I believe; you can tell by reading it over;" and that Harker said, "I am in a hurry now," and placed all the papers in his pocket, and that a few days thereafter he saw Harker and Harker again said to him in substance that he did not have any interest in the Bystrom land. There are other affidavits which show that the summons and complaint in this case were placed in the hands of the officer. The officer immediately made the usual return of service. From the proposed answer it appears that the title of Harker was derived from the foreclosure of a mortgage and that the claim of the plaintiff in this case arises by mesne conveyances from the mortgagor. In the order setting aside the default, the trial court cited among other cases, as its ground for granting relief, the case of Searles v. Christensen, 5 S. D. 650, 60 N. W. 29. The citing of this case gives color to the idea that the court was of the impression that the summons had been served but that the officer made misleading statements to Harker. In our opinion this case presents so close a question that the trial court might with equal propriety have denied the application to vacate the default. If it had done so, we should have been inclined to affirm the ruling.

o

In Rosebud Lumber Co. v. Serr, 22 S. D. 389, 117 N. W. 1042, this court said: "The exercise of that discretion will not be reviewed by this court, except in cases were there has been a clear abuse of such discretion, and a much stronger case must be made as to the abuse of such discretion where a court has granted the motion than in a case where the motion has been denied."

In view of the above and of similar holdings in other cases, and particularly in view of the fact that by the court's order the opening of the default was made of no effect as against purchasers of the land in good faith, we do not feel warranted in saying that the trial court has abused that discretion which the law commits to it.

The order appealed from is affirmed.