JOHNSON, Appellant, v. JOHNSON, Respondent.

(210 N. W. 155.)

(File No. 5690.   Opinion filed September 30, 1926.)

1. **Judgment—Evidence that Foreign-born Defendant Thought Case Would Come on at Term of Court When and Where He Could Be Heard Held Sufficient Showing of "Excusable Neglect" to Warrant Vacation of Default Judgment.**

   Evidence that defendant was foreign born, had never had any experience in court proceedings, and thought case would come on at term of court when and where he could be heard, held sufficient showing of "excusable neglect" to warrant vacating of default judgment, where defendant acted promptly and court vacated judgment on terms.

2. **Judgment.**

   In setting aside default judgments, much must be left to sound judicial discretion of trial judge to whom application is made, and applicant need not make more than a prima facie showing on the merits.

Note.—See, Headnote (1), American Key-Numbered Digest, Judgment, Key-No. 143(5), 34 C. J. Sec. 524; (2) Judgment, Key-No. 145(4), 34 C. J. Secs. 580, 677.

Mistake, inadvertence, surprise or excusable neglect as grounds for vacation of judgment, see 15 R. C. L. 708, 709; 3 R. C. L. Supp. 487.

As to discretion of trial court in setting aside default judgment, see 15 R. C. L. 720; 3 R. C. L. Supp. 489; 5 R. C. L. Supp. 848.

Appeal from Circuit Court, McCook County; Hon. L. L. Fleeger, Judge.

Action by C. W. Johnson against John O Johnson. Judgment for plaintiff by default, and from an order vacating it, plaintiff appeals. Affirmed.

*H. Van Ruschen,* of Salem, for Appellant.

*Jas. R. McGee,* of Salem, for Respondent.

BURCH, C.   This is an appeal from an order vacating a default judgment.   The record shows a sufficient affidavit of merits coupled with a sufficient answer, and the only question meriting consideration is the sufficiency of the showing as to excusable neglect.

[1, 2]   Defendant's showing was to the effect that he was foreign born, had never had any experience in court proceedings,

and thought the case would come on at a term of the court when and where he could be heard. While the showing is not strong, it is sufficient; the facts being very similar to the facts in the case of Rosebud Lumber Co. v. Serr, 22 S. D. 389, 117 N. W. 1042, which were held sufficient by this court, and wherein it was held that a much stronger case of abuse of discretion must be made where the court has granted a motion than when the motion has been denied. Much must be left to the sound judicial discretion of the trial judge to whom the application is made, and the applicant is not required to make more than a prima facie showing on the merits. Griswold Linseed Oil Co. v. Lee, 1 S. D. 531, 47 N. W. 955, 36 Am. St. Rep. 761. Defendant acted promptly, and the court vacated the judgment on terms.

The order appealed from is affirmed.

DILLON, J., not sitting.