DIETMEIER, Respondent, v. INGBER, Appellant.

(221 N. W. 51.)

(File No. 6210. Opinion filed September 22, 1928.)

*Warren & Lloyd*, of Flandreau, for Appellant.
*Krause & Krause*, of Dell Rapids, for Respondent.

MISER, C. This appeal is from an order denying a motion to open a default judgment and grant leave to answer. Respondent is a physician practicing at Jasper, Minn. Appellant is a farmer, who, in December, 1925, lived in Moody county, S. D. On December 11, 1925, default judgment in the sum of $325.60 was filed in the municipal court of the city of Sioux Falls, Minnehaha county, S. D. Summons was served on appellant by the chief of police of Dell Rapids, Minnehaha county, on August 19, 1924. Complaint was never served on appellant. The affidavit of one of appellant's counsel contains the following statement:

"That it appears from certain papers brought to affiant by defendant that plaintiff's attorneys have served different forms of summonses upon them, one of said summonses so served being in the circuit court of Moody county, South Dakota, in which plaintiff asked relief from the court, and in another of said summonses in the municipal court, city of Sioux Falls, county of Minnehaha, plaintiff's attorneys claim a money judgment for $285, and both of said summonses were served without any complaint. That both of said summonses appear to be dated August 27, 1924, and the judgment in the municipal court of Sioux Falls appears not to have been taken until December 11, 1925, and the proof of service

of said summonses would appear to show the same served under date of August 19, 1924."

The affidavit of one Wood, a collector connected with the office of respondent's counsel, states that in July, 1921, appellant signed two notes, aggregating $229.80, in payment of a balance then due respondent for medical services. Prior to August 19, 1924, Wood received from respondent a statement of an additional $110.50 due for medical services rendered appellant after the giving of said notes. On August 19, 1924, the chief of police of Dell Rapids served a summons on appellant. Wood's affidavit continues:

"That at said time and before said service affiant asked Ingber to pay the amount due, but Ingber replied that he would pay when he could; whereupon affiant told him the doctor had directed him to commence suit unless some payment was made, to which Ingber replied that he did not care if suit was begun or papers served on him, that he had mortgaged all his personal property for valid debts, and that it was beyond the reach of levy under any judgment that might be secured."

Appellant neither admits nor expressly denies this conversation. In his rebuttal affidavit, he states that he had paid more than enough to satisfy the claim, and that he was very plain in his statements and objections to Wood at the time he made service of papers upon him.

About a month after the service of summons, respondent proceeded in garnishment to subject to the payment of her debt the proceeds of certain grain raised by appellant; but the garnishment was released on demand of appellant's landlord, who had a lien thereon. From the time of the release of said garnishment until judgment was taken, over a year later, nothing appears to have been done in the action. Appellant, in his affidavit of merits, says that, after the check for the grain garnished and thereafter released was delivered to him, and by him delivered to his landlord, he believed that respondent had decided to leave him alone. He does not allege that he believed, nor is there any evidence to support a belief that the action had been dismissed by respondent. He does allege, however, that he was entirely ignorant of litigation, and did not know that any action in court was being started against him when the two summonses were served on him; that he had received so many letters, papers, and demands for payment from collectors that he did not know, until after judgment was taken,

that he was being sued. He also alleges that he had paid to respondent over $450, which he claims should pay her bill in full.

Assuming respondent's charges for services to be correct, the sums claimed by appellant to have been paid would not pay the account; but in the list of payments claimed by appellant are items not credited by respondent, several of which appellant claims to have been by check, of which he gives dates and amounts. On the other hand, if it was intended to sue for the entire debt, including that represented by the notes, as well as that for subsequent services, respondent was entitled to sue for a greater sum than demanded in the summons, and recover judgment for a greater sum than was recovered, subject to the defenses hereinafter mentioned.

In his affidavit of merits, appellant states that respondent is not licensed to practice medicine in South Dakota, in which state much of the services were rendered. This is also alleged in his proposed answer. While the verification to the proposed answer is not sufficient as to all the allegations therein, it is sufficient as to the allegation that respondent is not duly licensed in this state.

■ It is difficult to reconcile the summary of the complaint as contained in the brief with the right of recovery as contained in respondent's counter affidavits; but we must assume that the judgment, which is not set out at all, is supported by the allegations of the pleading on which it is based, in the absence of a showing to the contrary.

■ The judgment sought to be opened was filed December 11, 1925. On December 16, 1925, the sheriff levied execution on certain personal property, which appellant claims to be the property of his landlord and a neighbor. The notices thereof appellant then saw. On January 14 ,1926, appellant saw notice of sale of said property on execution. On January 21, 1926, the order to show cause why the judgment should not be vacated was issued. In the meantime, and after the levy, appellant consulted counsel, who demanded that the property be turned over to the landlord. Counsel for respondent refused to do this, and advised that they expected to proceed under their execution. Respondent contends that appellant became interested in having the judgment vacated only when he discovered that a valid levy of execution thereunder had been made on property which he had regarded as safely covered by a chattel mortgage to his landlord. From the foregoing recital,

which necessarily is incomplete, it is plain that appellant's motion to open the judgment is not unsupported by facts. Had the trial court exercised its discretion to permit judgment to be opened, and given leave to appellant to answer, the record would have sustained such an order. But the trial court has exercised its discretion to deny such motion. This court has repeatedly held that:

"The exercise of that discretion will not be reviewed by this court, except in cases where there has been a clear abuse of such discretion." Rosebud Lumber Co. v. Serr, 22 S. D. 389, 117 N. W. 1042; Cowie v. Harker, 32 S. D. 516, 526, 143 N. W. 895; Corson v. Smith, 22 S. D. 501, 118 N. W. 705.

On the other hand, it has also been held that a much stronger case must be made as to the abuse of such discretion, where a court has granted the motion, than in a case where the motion has been denied. Rosebud Lumber Co. v. Serr, supra; Cowie v. Harker, supra; Johnson v. Johnson, 50 S. D. 341, 210 N. W. 155. But, as we said in the case last cited:

"Much must be left to the sound judicial discretion of the trial judge to whom the application is made."

Furthermore, in Kinkead v. Moriarty, 29 S. D. 202, 205, 136 N. W. 101, 102, this court quoted with approval from the California court in part as follows

"If it be doubted whether the excuse offered is sufficient or not, * * * the judgment of the court below will not be disturbed. If, on the contrary, we are satisfied beyond a reasonable doubt that the court below has come to an erroneous conclusion, the party complaining of the error is as much entitled to a reversal in a case like the present as in any other." Bailey v. Taaffe, 29 Cal. 423.

When the record presented in the case at bar is viewed impartially, reasons for opening the judgment and reasons for denying its opening are both apparent. The result is a doubt as to whether the excuse offered is sufficient. This doubt existing, the judgment of the court below should not be disturbed. The record does not present such a showing of fraud upon, nor mistake, inadvertence, surprise, or excusable neglect by, appellant, within the meaning of section 2378, R. C. 1919, as permits this court to say that there has been a clear abuse of discretion on the part of the trial court.

The order appealed from is affirmed.

BURCH, P. J., and POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.