JONES, Appellant, v. JOHNSON, Respondent.

(222 N. W. 688.)

(File No. 6329.   Opinion filed December 31, 1928.)

*Mundt & Mundt,* of Sioux Falls, for Appellant.

*J. W. Kaye,* of Beresford, and *M. G. Luddy,* of Sioux Falls, for Respondent.

MORIARTY, C. This is an appeal from an order vacating a default judgment and allowing the defendant to answer.

On October 30, 1925, this action was begun by service of summons and garnishee summons. On April 6, 1926, judgment in the sum of $1,242.82 was entered against the defendant, upon showing of default on defendant's part. On June 26, 1926, defendant presented to the trial court a petition for an order vacating the default judgment and granting leave to answer, and on that date an order to show cause was issued upon such petition. On July 28, 1926, after the hearing of the aforesaid order to show cause, the trial court entered the order from which this appeal is taken.

The showings upon which the trial court entered the order appealed from are as follows: The complaint alleges the giving by the defendant to the plaintiff of a promissory note dated December 13, 1921, and due December 13, 1922, for the sum of $828.78, with interest at 8 per cent, and that said note is wholly unpaid. And said complaint further alleges that there was due at the date thereof, from the defendant to the plaintiff, the sum of $1,017.61. And the prayer of the complaint is for judgment in the said sum of $1,017.61, with interest from the date of the complaint at 8 per cent, together with costs.

Defendant's showing of mistake, inadvertence, and excusable neglect consists of his own affidavit and that of his attorney, M. G. Luddy. These affidavits are to the following effect: On October 30, 1925, defendant was employed as secretary of the Elks Lodge in the city of Sioux Falls. The garnishee summons in this action was directed to said lodge and was served upon one F. D. Burke, the Exalted Ruler of said lodge. After such service, the defendant took up the matter with Mr. Burke, who told the defendant that the matter would be taken up with Mr. Luddy and attended to, and that defendant need do nothing further in the matter. Mr. Burke gave the summons and garnishee summons to Mr. Luddy and requested him to attend to it. Mr. Luddy prepared a disclosure on behalf of the lodge, showing nothing due to defendant, but he was not aware that he was expected to enter any appearance on behalf of the defendant, and did not do so until he was notified of the entry of judgment.

As affecting this matter of excusable neglect, the trial court also had before it the affidavit of John C. Mundt, one of plaintiff's attorneys, stating that shortly after the service of the papers in the action said attorney had a conversation with the defendant in which

the defendant asked to have the matter of taking judgment held in abeyance until he got a job and he would then make partial payment on the debt. Mr. Mundt says that he then told the defendant to let him know when he got a job, and that, if he would do so and pay about $50 per month on the debt, the entry of judgment would be held in abeyance and further costs avoided. But this affidavit further stated that defendant did nothing in the matter of keeping affiant advised or in making any payments. And affiant says that, before taking judgment, his firm mailed to defendant two letters calling attention to defendant's failure to report or make payments, one of which letters contained the statement: "We are writing you this further letter and giving you notice that if you do not make some satisfactory arrangement within the next three or four days, we will take other steps in the matter to force this matter to an issue."

As to the merits of the defense set forth in defendant's affidavit and proposed answer: In addition to the formal showings that he had given to his attorney a full and true statement of the facts and that said attorney had advised him that he has a good and meritorious defense, two distinct matters of defense are set forth— one being that he signed the note in suit believing that he was liable for the debts of a certain corporation of which he was a stockholder; that the only consideration which induced him to sign said note was such belief, that there was not in fact any such liability, and that therefore there was no consideration for the note; the other defense set up is that, prior to the commencement of this action, he had paid $100 on the note.

██ Whether the defense of want of consideration is a good defense we are not required to determine, nor need we consider the statement made in plaintiff's answering affidavits. The allegation of partial payment of the note is certainly a valid partial defense, and a prima facie defense on the merits is all that is required in a proceeding of this kind. Griswold Linseed Oil Co. v. Lee, I S. D. 531, 47 N. W. 955, 36 Am. St. Rep. 761; Johnson v. Johnson, 50 S. D. 341, 210 N. W. 155; Connelly v. Franklin, 50 S. D. 512, 210 N. W. 735.

██ As to the sufficiency of the showings of inadvertence and excusable neglect, that is a matter within the discretion of the trial court, and the granting of an order reopening a default will

not be reversed except for evident abuse of such discretion. Griswold Linseed Oil Co. v. Lee, supra; Bucknell v. Archer, 29 S. D. 22, 135 N. W. 675; Rosebud Lumber Co. v. Serr, 22 S. D. 389, 117 N. W. 1042; Johnson v. Johnson, supra; Connelly v. Franklin, supra; McAndrews v. Bank, 25 S. D. 590, 127 N. W. 536.

In determining whether the ends of justice would be promoted by setting aside the default judgment, the trial court had a right to consider, and it was its duty to consider, the following facts: The amount claimed in the complaint was $1,017.61 and interest, while the amount for which judgment was entered is approximately $175 in excess of the amount so claimed to be due.

Default judgment cannot exceed the amount demanded in the complaint. Section 2564, Revised Code of 1919.

The judgment recites that there is due to the plaintiff from the defendant the face of the note sued upon, $828.78, and interest at 8 per cent from December 13, 1921, amounting to $399.69, while a correct computation of the interest falls over $100 short of that amount.

The note pleaded in the complaint shows indorsements of $100 paid thereon, while the claim for judgment and the judgment actually entered is on the theory that the note was wholly unpaid.

Under the circumstances as they were before the trial court, we cannot say that there was any abuse of discretion in granting the order reopening the default.

The order appealed from is affirmed.

BURCH, P. J., and POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.